Nash, J.
It is a rule in Equity that relief, when granted, must be according to the allegations of the bill and the proofs. The latter must not only shew that the plaintiffis entitled to some relief, but that he is entitled to it, upon the grounds on which he has placed his claim. Thus when the plaintiff alleges in his bill, that a transac. tion between him and the defendant was a loan and mortgage, and seeks a foreclosure, he cannot at the hearing, ask relief upon the ground that the transaction was a conditional sale. McBrayer v. Roberts, 2 Dev. Eq. 75. In this case the plaintiff asked the aid of the Court, upon the ground of a partnership between his intestate and the defendant. The answer denies that there was any co-partnership between them. It is admitted there never was any express agreement between the brothers for a copartnership, but the plaintiff relies upon the transaction *193 between them to prove it. We think he has failed in his proofs, and that all he has shown is, that the brothers were tenants in common in a portion of the property. The partners lived together in peace and harmony, working the same land with their Respective horses, and sustaining themselves and their respective stock, out of the joint funds. But it is evident from the proofs, that much of the property was held by them severally. The negro Sue was purchased by the defendant for his own use and benefit, as he alleges, and his allegation is sustained by the facts, that the bill of sale is taken in his name, and is attested by James, and the note given for the purchase money is also attested by him. The bill of sale for Joe is taken in the name of the defendant, and his allegation, that he purchased him for himself and paid for the negro out of his own funds, is not disproved by any witness whatever, and the witnesses in each case testify, that their contract was with the defendant alone. It is in evidence, that the parties kept their money in separate depositories, and each under his own control, and, since the death of James, the plaintiff, his administrator, took into his possession, as assets of the estate, the stallion and the gray horse and the still, and sold them as the property of his intestate. The declarations of the parties, as proved, establish nothing more than a tenancy in common of a portion of the property. The plaintiff has failed to sustain, by his proofs, the allegations of his bill, and it must be dismissed with costs.
Per Curiam.
Decree accordingly.