Reade, J.
 

 It must now be regarded as well settled in this State that when a person is let into the possession of a tract
 
 *498
 
 of land under a contract of purchase, he is but a mere occupant at the will of the vendor, until the price shall be paid and the title passed. The vendor may put an end to this occupancy at any moment by demanding the possession under a reasonable notice to quit, and if it be not surrendered he may then maintain an action of ejectment.
 
 Carson
 
 v.
 
 Ba
 
 ker, 4 Dev. 220;
 
 Love
 
 v. Edmonson, 1 Ire. 153. In the latter case three weeks notice to quit was deemed sufficient, and of course the time allowed for the defendant in the present case, which was more than three weeks, must be held to be long enough In
 
 Carson
 
 v.
 
 Baker
 
 the demise contained in the declaration was laid on the day on which the defendant was required to quit, which was decided to be too soon, and in consequence thereof the action failed, but that objection cannot be made in the case before us, because the demise is laid the.day after the determination of the notice to quit.
 

 The payment by the vendee of the greater part of the purchase money' cannot make any difference so far as the right of the lessor of the plaintiff to recover in ejectment is concerned; but if the vendee should afterwards file a bill in equity for a specific performance, he will not only be allowed a credit for his payments, but also be entitled to an account of the profits of the land made by the vendor after he shall have recovered possession.
 

 In this state of the law it will be a matter for the consideration of an unpaid vendor whether it will not be best for him to file a bill against his defaulting v.endee for a specific performance rather than recover back the possession of his land in an action at law. That, however, cannot affect the result in the present case. The judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.