WILLIAM F. McKESSON and others *v.* C. P. MENDENHALL and others.

Where lessors sued lessees for rent ; *Held,* that the latter were entitled, as a counter-claim, to show that the lessors had no right to make the lease, and that the real owners thereof had brought suit against one of the lessees, and would recover damages for its use during such lease.

In such case the persons claiming as real owners, should be made parties to the action.

ACTION for money, tried before *Mitchell, J.,* at Fall Term 1869 of BURKE Court.

The complaint set forth as the ground of action, a note, of which the following is a copy :—

" $4,000.

Two years after date we promise to pay McKesson & Hunt four thousand dollars for that portion of the McDowell land we have rented; the same to be paid in the current funds of the country when due ; this 14th of November 1863.

JONES, MENDENHALL AND CARTER."

The answer alleged that the land for which the note was given, belonged, at the time of lease, and ever since, to certain persons, who are now bringing suit against one of the defendants for damages, in having occupied the land under such lease, and that he is advised that they will recover ; and that they deny that the plaintiff ever was their agent lease, as he

claimed to be &c.; other allegations were made in reference to the right of the defendants to *the scale,* but the course of the opinion renders it unnecessary to state them.

No replication was filed.

Upon the trial before the jury, the Court refused to allow the defendants to go into evidence upon the subject of the title; or to show, that at the time of giving the note, it was agreed that it might be discharged in Confederate money.

From these rulings, the defendants appealed.

The Court, however, allowed evidence to be given by the defendant as to the value of the rents of the land in question.

From this ruling the plaintiffs appealed.

Verdict, and Judgment, below, for $871.17, &c.

*Folk,* for the plaintiffs.
*Clement, contra.*

DICK, J. The defendants, in their answer, allege that the note upon which the action was brought, was given for the rent of a tract of land, which the plaintiffs had no power to demise. They further allege, that an action has been com menced against one of them by the owners of the land, to recover damages, for the unlawful possession held under the lease of the plaintiffs.

These allegations in the answer, if true, constitute a good counter-claim, as it is a cause of action arising out of the transaction which induced the contract set forth in the complaint as the foundation of the plaintiff's claim : C. C. P., sec. 101. As these allegations of new matter in the answer, constituting a counter-claim, are not controverted by a reply, they are to be taken as true for the purposes of the action; C. C. P., sec. 127, and his Honor, upon motion, might have given judgment for the defendants.

His Honor heard the counter-claim set up in the answer, as upon demurrer, although a demurrer was not filed. The new rules of pleading ought not to be strictly enforced in

this case, as the action was commenced so soon after the adoption of the Code of Civil Procedure ; and we take it for granted that his Honor, in the exercise of his ample discretion, will allow the pleadings to be supplied and amended. We will consider the case as if the pleadings were regular, and presented the true issues between the parties.

The lease, for which the bond was given, implied an obligation on the part of the plaintiffs to secure the defendants the possession and enjoyment of the demised premises, and to indemnify them against the demands which a paramount owner might claim as damages for unlawful occupation. The rent is dependent upon this implied obligation, and ought not to be collected until full indemnity is secured to the defendants. If our old system of jurisprudence were now in existence, the defendants could obtain adequate relief in a Court of equity. Their remedy now, is to set up their equity as a counter-claim to the action of the plaintiffs. The Superior Courts have ample jurisdiction to adjust and determine the legal and equitable rights and liabilities of the parties to the action, and all other persons interested in the subject matter of the controversy.

The defendants held possession of the land in question, and are liable for rent to the plaintiffs, according to the terms of the bond,—or to the owners for damages ; but not for both. It is evident that a complete and equitable determination of the controversy cannot be had without the presence of the owners of the land, and the Court below should cause them to be brought in before another trial : C. C. P., sec. 65. It may hereafter appear that the owners authorized the plaintiffs to lease the land ; and then there would be another contract to construe and determine. His Honor can direct the proper issues, to ascertain all the facts in the case, and then determine the rights and liabilities of the parties. If the plaintiffs had no authority to demise the land, they ought not to recover rent, and the bond sued on, ought to be cancelled. The owners cannot recover on

the bond, as they are not privies to the contract, but they are entitled to recover such damages as a jury may assess, for the trespass of the defendants.

If his Honor had ruled correctly upon the questions presented by the defendants, the question as to the kind of currency in which the bond sued on was solvable, might not have arisen. The appeal of the plaintiffs must therefore, be dismissed, as the question presented is not properly before us for adjudication.

His Honor erred in refusing to allow the defendants to sustain their counter-claim by proper evidence, and there must be a *venire de novo.*

Let this be certified.

PER CURIAM. *Venire de novo.*