JERE. PEARSALL *v.* MARX MAYERS.

Where a vendor of land brings an action for possession against his vendee, who has been let into possession the title being reserved : the latter may set up the contract of sale, and ask for an account of the payments upon the purchase money *by counterclaim* in the same action.

A *parol* submission to arbitration of the title to land, is void.

In a case where there was a question between the parties as to the kind of currency in which a contract for money was solvable, and upon taking an account, it appeared that the debtor had overpaid the debt : *Held*, that he could not recover the surplus from the creditor, as money paid *by mistake*.

Where the vendor of land lets the vendee into possession, reserving the title, he has no claim upon the latter for rents and profits, as the interest upon the unpaid money is in lieu of that.

(*Crissman* v. *Crissman*, 5 Ire. 498, approved.) ·

(Directions for stating *cases* upon appeal.)

CIVIL ACTION, for possession of land, tried before *Russell, J.,* at Spring Term 1870, of ONSLOW Court.

The defendant, by counterclaim, set up a contract for the purchase of the land by himself, in May 1863, at $2,000, the payment of $1,000 thereof in Confederate currency, the giving a note for the remainder, and various payments thereupon since the Surrender, in U. S. currency ; also, that a submission, (by parol,) of the matters arising out of the transaction between the parties, had been made by them to certain persons, who had awarded, (by parol,) that upon an account, the plaintiff owed to the defendant $51.00 ; and judgment for this amount was demanded by the defendant.

The parties differed as to the manner in which the price of the land was solvable, and the plaintiff claimed that the payments made by the defendant were to be set off by the rents and profits of the land in his possession.

Under the instructions of his Honor, there was a verdict and judgment for the defendant, for $51.00.

The plaintiff appealed.

*Battle & Sons*, for the appellant.

No counsel, *contra*.

PEARSON, C. J. There may be many objections to the "Code of Civil Procedure," but this case furnishes an instance of a particular in which it is a decided improvement upon the old mode of procedure. The case is this: In 1863, the plaintiff sold to the defendant, a tract of land at the price of $2,000, and executed a bond to make title when the purchase money was paid. The defendant paid $1,000 in Confederate notes, and gave a bond for $1,000 payable in one year, and was let into possession. The defendant since the war, has made several payments in greenbacks. The parties differ as to whether the purchase money has been fully discharged, and that depends upon the kind of money in which the bond is payable, and the scale and rate of depreciation.

To settle this controversy according to the old mode, the plaintiff might have brought an action of ejectment, and taken a judgment at law. The defendant would then have filed a bill in equity, and obtained an injunction to restrain the plaintiff from issuing a writ of possession; the matter would have been referred to the master, to find how much of the purchase money, if any, remained unpaid, and after disposing of the exceptions to his report, that fact would have been fixed; whereupon, if the purchase money had been fully paid, a decree would have been entered, that the plaintiff make title, and the injunction be made perpetual; if there remained a balance of the purchase money unpaid, a decree that the plaintiff pay such balance by a day fixed, and on

PEARSALL *v.* MAYERS.

payment, the defendant make title, and should the amount not be paid, that the land be sold, &c.

According to the new mode, the vendor brings his action for the land; the vendee sets up his contract of purchase as a counterclaim, alleging payment of the purchase money in full, and demands judgment for title; the plaintiff replies, denying that the purchase money has been paid in full. The matter might then be referred to find the fact as to the purchase money, or it might be submitted to a jury, (as in this case,) and a judgment be entered, corresponding with the decree in the old mode. Thus the controversy is settled in *one action, ;* instead of an action in a Court of law, and then a suit in a Court of Equity.

The defendant, however, not content to rest on the bond for title and payment of the price, sets out a submission to arbitration, and an award in his favor for title, and $51.00 over-paid, and demands judgment for the $51.00, as well as for title. The plaintiff objects to the submission and award because not in writing, and sets up a claim for use and occupation of the premises. His Honor admitted evidence of the submission and award. In this, there is error; when the controversy involves title to land, the submission must be in writing. This is settled: *Crissman* v. *Crissman,* 5 Ire. 498.

As the case goes back for another trial, it may be well to say that this Court is inclined to the opinion, that the defendant will not be entitled to judgment for the amount he may have overpaid. Money paid by mistake, as in counting, or in making calculations, may be recovered in an action for " money had and received to plaintiff's use;" but when a man makes a payment, and,—for the sake of being on the safe side in a matter involving questions that admit of doubt, as in regard to Confederate money, and payment in greenbacks,

chooses to pay what turns out to have been too much, there is no principle of law upon which he can recover back the excess; for the money was paid without mistake, for the use of the other party, and in no sense can be considered as "had and received for the use of" the plaintiff. So if one tenders money, and brings it into Court, and it is accepted, although it be in excess, the party may retain the whole.

It may likewise be well to say: This Court is inclined to the opinion, that the plaintiff will not be entitled to make any charge for " use and occupation." Where a mortgagor remains in possession, or a vendee is let into possession, he is entitled to the rents and profits, in lieu of interest. A mortgagee or vendor who takes possession, is entitled to receive rents and profits, but will be required, in taking an account of the mortgage money, or the purchase money, to account for rents and profits, or for use and occupation.

We observe, that in this instance, and many others, the attorneys who settle the case for this Court, and the Judge, when he states the case at the *request* of the attorneys, have set out a recital of what is contained in the complaint, and in the answer and replication. This is "labor lost," and makes the papers unnecessarily prolix and voluminous; for the "record proper" is sent to this Court, and the Court can see what is contained in the pleadings and judgment. All that need be added is, when testimony is rejected, a statement of what the party offered to prove, and enough of the evidence to show the materiality of the evidence rejected; when the instructions are excepted to, a statement of the instructions refused or given, and enough of the evidence to show that the point was presented by the case, and was not hypothetical; and, when the exception is confined to the record proper,—as upon demurrer or motion in the nature of a motion in arrest of judgment, no statement need

be made, for there is no *postea*, and the error, if any, appears on the face of the record proper.

..PER CURIAM. *Venire de novo.*