JOHN B. MATTHEWS *v.* DUNCAN McPHERSON.

The distinction between actions in law and suits in equity, as to the forms of procedure has been abolished in this State, but the distinction between legal and equitable rights still remains.

The rights of a *cestui que trust* under the old system were administered in a Court of Equity. In trusts relating to real property where the purposes of the trust were completed, and the trustee had been paid his reasonable charges and expenses, the *cestui que trust* could compel a conveyance of the legal estate. Until a *cestui que trust* has acquired such a perfect equitable title, he cannot, under the C. C. P., maintain a civil action to recover possession of real estate held by a person under the legal title.

The case of *McKesson* v. *Mendenhall,* 64 N. C. Rep. 286, cited and approved.

This was a civil action brought to recover the possession of a tract of land, and tried at the Fall Term, 1870, of the Superior Court for the County of MOORE, before his Honor, *Buxton, J.*

The facts material to the proper understanding of the case, as they were proved on the trial, were as follows: The land in controversy belonged at one time to the illegitimate son of Mary Matthews, Daniel W. McNair, who died in the year 1848, intestate and without issue, when his said mother entered upon the land as her own, claiming it as his heir-at-law. By a deed bearing date 27th June, 1856, she conveyed it to the plaintiff, her nephew, who paid her nothing for it, as she intended it as a gift. He built a house upon the land, took possession of it the 19th August, 1857, and has lived there ever since. The defendant also entered upon the same land, built a house upon it and has lived there ever since November, 1868.

Mary Matthews administered upon the estate of her son, Daniel W. McNair, and at April Term, 1852, of the County Court of Moore, filed a petition for the sale of the land in question, upon which a sale was made under the order of the Court, and the defendant became the purchaser and obtained deeds for a part of the land on the 22d February, 1853, and for the residue on the 4th of August, 1853; and on this latter day he conveyed the whole land by deed to Dr. Alexander M. McDonald. There was evidence tending to show that the defendant purchased the land for Mary Matthews, and had never paid any thing for it, and that Dr. McDonald, who was also a nephew of Mary Matthews, had bought with notice of the trust, but had expended, in costs and other expenses relating to the land, several hundred dollars.

Under the charge of his Honor, a verdict was found in favor of the plaintiff upon which he had a judgment to recover the possession of the land mentioned in the complaint; and from the judgment the defendant appealed.

*Manning*, for the defendant.

*B. & T. C. Fuller*, for the plaintiff.

DICK, J.   The distinction between actions at law and suits in equity, as to the forms of procedure, has been abolished in this State; but the distinction between legal and equitable rights still remains.   This distinction has been defined and established by the judicial wisdom of centuries and will always exist in every system of law derived from the jurisprudence of England.

The rights of a *cestui que trust* under the old system were administered in a Court of Equity.   In trusts relating to real property where the purposes of the trust were completed, and the trustee had been paid his reasonable charges and expenses, the *cestui que trust* could compel a conveyance of the legal estate.   Until a *cestui que trust* has acquired such a perfect equitable title, he cannot, under the C. C. P., maintain a civil action to recover possession of real estate held by a person under the legal title.

In our case the plaintiff claims title under a voluntary conveyance from Mary Matthews, who was only a *cestui que trust*, and he acquired her equitable title subject to the rights of the trustee.   The claims and charges of the trustee, McDonald, are still unadjusted, and the plaintiff cannot, in any form of action, obtain the legal title and possession of the land in controversy from the trustee or his assignee, unless the trustee is made a party, and his claims are settled and discharged.   The plaintiff has not such an equitable title as will enable him to maintain his action in its present form ; but, as the C. C. P. gives such large powers of amendment, his Honor, in the Court below, can allow the plaintiff to amend the complaint by making the necessary parties and praying the proper relief.   C. C. P., sec. 65.   *McKesson* v. *Mendenhall*, 64 N. C. Rep. 286.

There must be a *venire de novo.*

PER CURIAM.                                    *Venire de novo.*