WILLIAM F. DEAL *v.* WEIGHSTILL PALMER.

The Code of Civil Procedure, secs. 132 and 133, wisely clothes the Superior Court Judges with large discretion as to amendments in furtherance of justice and relief in cases of mistake : *Therefore held*, that it was right for the Judge below to set aside a judgment entered up after the defendant and his counsel had left the Court, and in so doing he exercised a sound discretion.

Neither the Code of Civil Procedure, sec. 72, nor the *proviso* in the Act of 1870, chap. —, requires notice to be given to the adverse party, on an application for permission to defend a suit without giving the required security.

MOTION to set aside a judgment rendered in a civil action, for the recovery of the possession of a tract of land, heard before *Mitchell, J.,* at the Fall Term, 1872, of the Superior Court of CALDWELL county.

At Spring Term, 1872, the plaintiff filed his complaint and the defendant his answer, the latter, as the case states, giving no bond for costs or damages.   During the term, but after the defendant and his attorney had left the Court, the plaintiff, finding no bond filed by defendant, caused the Clerk of the Court to enter up judgment in his favor for want of an

answer, upon which judgment a writ of possession was regularly issued, and the defendant turned out of possession.

At the Fall Term, the defendant having given proper notice, and upon the affidavits of himself and counsel, moved to set aside the judgment, upon the ground of excusable negligence (C. C. P. sec. 133). His Honor allowed the motion, set aside the judgment, and ordered that a writ of restitution be issued, restoring the possession of the land to the defendant; and that he be allowed to answer upon filing the bond with good security required by law. From this judgment the plaintiff appealed.

After the adjournment of the Court (at Fall Term), the defendant, without notice to the plaintiff, applied to his Honor, at Chambers, for leave to defend the suit without giving the required bond, first filing the necessary affidavit of his inability to give the security and a certificate from counsel that he had good grounds of defence. His Honor allowed the motion, and permitted the defendant to answer without giving security, and the writ of restitution to issue, &c. To this the plaintiff also excepted.

*Folk*, for appellant.
*Armfield*, contra.

SETTLE, J. We are of opinion that his Honor had the power to relieve the defendant from the judgment taken against him at Spring Term, 1872, and that in so doing he exercised a sound discretion.

The Code of Civil Procedure, sections 132 and 133, clothes the Superior Court Judges, as we think, wisely, with large discretion as to amendments in furtherance of justice, and relief in cases of mistake.

But the plaintiff complains further, that after the adjournment of Court at Fall Term, 1872, without notice, his Honor made an order, at Chambers, granting permission to the de-

DEAL *v.* PALMER.

fendant to answer without giving the security provided for by an act ratified the 28th day of March, 1870, requiring a defendant in an action for the recovery of real estate to file a bond for costs.

The Code of Civil Procedure, sec. 72, points out the mode in which a person may obtain permission to sue as a pauper. And we find a proviso to the act of 1870, above referred to, which enacts, "that no defendant shall be required to give said bond if any attorney practicing in the Court where the action is pending will certify to the Court in writing that he has examined the case of the defendant, and that in his opinion the plaintiff is not entitled to recover, and said defendant shall further file an affidavit that he is unable to give said bond." These requisites have been complied with. But the plaintiff's counsel objected that his Honor granted this permission without notice to the plaintiff.

Neither the Code of Civil Procedure, sec. 72, nor the proviso to the act of 1870, requires notice to be given to the adverse party. The certificate of counsel, together with the affidavit of a party, it would seem, are sufficient, without notice, to authorize a Judge to grant the permission under either act.

There is no error.

PER CURIAM.                    Judgment affirmed.