JAMES JONES *v.* MILLY M. FORTUNE and another.

In an action for the recovery of possession of land, where the defendants filed their affidavit alleging they were unable to give the bond required in ch. 193, sec. 11, Acts of 1869-'70, and counsel certified that the plaintiff was not entitled to recover: *Held,* to be error in the Judge below to require the defendants to give bond before they would be permitted to defend said action.

(*Deal* v. *Palmer,* 68 N. C. Rep. 215, cited and approved.)

CIVIL ACTION tried before *Henry, J.,* at Spring Term, 1873, of HENDERSON Superior Court.

The plaintiff claims a tract of land upon which defendants reside and also claim to hold as trustee for certain children. On the trial below, the defendants filed an affidavit, in which they severally swore that they were unable to give the bond required by law, before they would be allowed to defend the suit.

J. D. Hyman, Esq., an attorney of the Court, also certified that in his opinion the plaintiff was not entitled to recover, and moved that the defendants be allowed to plead without giving bond. Motion refused, his Honor ordering that defendants be allowed to file a bond within thirty days.

From this order defendants appealed.

*L. W. Barringer*, for appellants, submitted:

1. His Honor was in error in refusing the motion of the defendant to be allowed to defend *in ejectment in forma pauperis* without bond. His ruling is contrary to the statute provided for such cases. Acts 1869–'70, ch. 193, proviso of sec. 4; *Deal* v. *Palmer*, 68 N. C. Rep. 215.

2. The requirement of the statute have been strictly complied with. The certificate of counsel and the affidavit of the defendants were duly made.

3. His Honor made an "order involving a matter of law" contrary to the statute above cited, hence an appeal lies.

It is not a matter of descretion. C. C. P. sec. 299.

*Fuller & Ashe*, contra.

READE, J. The Act 1869–'70, ch. 193 requires defendant in "suits for the recovery of real property or the possession thereof," to give bond for $200 with surety to answer for costs and damages, &c., before he shall be permitted to plead, answer or demur. But there is a proviso in sec. 4 of said Act that if an attorney will certify that plaintiff is not entitled to recover, and the defendant will swear that he is unable to give security, then the defendant may plead, &c., without bond.

In this case there was the necessary certificate of counsel and affidavit of defendant, but still his Honor refused to allow the defendant to plead, &c., without bond. In this we

think there was error. When the necessary certificate and oath are made, the language of the Act is "no defendant shall be required to give said bond," &c. *Deal* v. *Palmer,* 68 N. C. Rep. 215.

Error.

PER CURIAM.                                              Order reversed.