The plaintiff, H. M. Mitchell, administrator of W. L. Mitchell, (297) and others, his heirs at law, bring this suit, alleging that on the 8th day of January, 1868, his intestate, and their ancestors, sold to the defendant a house and lot for $800, giving him a bond to make title when the purchase money and interest was paid; the purchase money, to-wit: $800, was payable in installments, the last being due 1st January, 1870. That there is still due of said purchase money $400 and interest, which defendant refuses to pay, c. Wherefore they demand judgment.
1. That the contract of sale of said land be rescinded and declared void.
2. That the Court grant plaintiffs a writ of possession.
3. That they have judgment for $50 and costs.
Defendant admits the material allegation in the complaint, and demurs to plaintiffs' demand for judgment, as being illegal, c.
On the trial, several issues of fact and law, were submitted; and the former being admitted by the pleadings, the latter was disposed of, his Honor, by granting judgment in favor of the administrator, for the amounts still due on the notes given for the purchase of the lands, and refusing to grant a writ of possession. From this judgment plaintiffs appealed.
I. As to prayer for rescission of the contract:
Courts have no power to rescind contracts, except in cases (298) of fraud, mistake, surprise, c. Neither of these requisites are alleged in the complaint. Adams Eq. 174.
II. As to prayer for writ of possession: *Page 248 
A rescission of the contract having been refused, as a matter of course, a writ of possession could not issue.
III. As to prayer for damages:
"Where the vendor of land lets the vendee into possession, reserving the title, he has no claim upon the latter for rents and profits, as the interest upon the unpaid money is in lieu of that." Pearsall v. Mayees,64 N.C. 549.
IV. Plaintiff having commenced his action in personam, having set forth insolvency of the defendant, the complaint containing no prayer for specific performance, therefore, plaintiff is not entitled to the usual decree for specific performance. Because it is a well-settled principle at the common law, that plaintiff cannot recover except modo et forma, as alleged: Ex. gr.: If plaintiff declares upon a special contract, he cannot recover on the common count, and vice versa. This rule was equally applicable to equity proceedings. Craige v. Craige, 41 N.C. 191; Belvin v.Robinson, 42 N.C. 80.
V. Any judgment rendered in this suit will not operate as a bar to another suit seeking specific performance of the contract, because the principle of estoppel is that the former suit must be between the same parties, involving the same subject matter, and seeking the same relief as the latter one. Armfield v. Moore, 44 N.C. 159; Rogers v. Ratcliff,48 N.C. 225; Redman v. Coffin, 17 N.C. 437.
VI. An error which resulted in a judgment more favorable to the party appealing than he was entitled to by his pleadings, cannot be made the foundation for a venire de novo. State v. Cowan, 29 N.C. 239.
The allegations of the complaint makes a plain case, for the specific performance of a contract to sell land. (299) These allegations are admitted, and the only difficulty grows out of the fact that the plaintiffs, instead of demanding judgment for the balance of the purchase money, and an order to sell the land in case such balance was not paid, demand judgment:
1. That the contract be rescinded.
2. For a writ of possession.
3. For damages for withholding the possession.
The plaintiffs had no right to demand judgment for either of these particulars.
1. There is no ground on which the Court can rescind the contract;
2. In order to enforce its performance, there is no reason why the plaintiffs should be put into possession inasmuch as they do not elect as vendors, holding the title as security for the purchase money to take possession, and account for the rents and profits in discharge of interest *Page 249 
and principal, and there is no allegation of a demand of the possession and notice to quit, as in Butner v. Chaffin, 61 N.C. 497, but elect to close the contract by enforcing payment of the balance of the purchase money, as mortgagees seeking to foreclose.
3. They are not entitled to damages by way of rents and profits, for a vendee or a mortgagee, who is let into possession, receives the rents and profits, in lieu of the interest for which he is liable. But because the draftsman of the complaint was under a misapprehension as to the relief to which the plaintiffs are entitled, it does not follow that they are not entitled to relief according to the case made by the allegata et probata, and are to be put off simply with a judgment upon the note for the unpaid part of the purchase money, under which they could not sell the land. Campv. Cox, 18 N.C. 52.
The judgment will be modified, by adding: In the event that the amount is paid into the clerk's office by the defendant, or is made by the sheriff and paid into office with the return of the execution, the plaintiff, H. H. Mitchell, as administrator, will file a deed in the office conveying the land in fee to the defendant, the deed to be (300) approved of by the clerk before the money is withdrawn from the office.
In the event that the amount is not paid, and the sheriff having the execution cannot make the money; then he will sell the land to satisfy the execution, and the excess, if any, pay over to the defendant. As the judgment is modified, the costs of this Court will be taxed against plaintiffs and defendants, each to pay one-half.
PER CURIAM. Judgment accordingly.