E. T. CLEMMONS v. E. D. HAMPTON and W. B. MARCH.

In an action for the possession of personal property, under sec. 176, C. C. P., a third party claiming such property, looses his right to be made a party to the suit, after a lapse of three years from the filing his affidavit and his motion to allow him to interplead.

Whether such claimant can appeal from an order of the presiding Judge, refusing his application to be made a party—Quere.

CIVIL ACTION for the claim and delivery of personal property tried before Cloud, J., at the Spring Term, 1873, of STOKES Superior Court, to which it had been removed from Forsythe Superior Court.

A third party, W. B. Hampton, applied to be made a party defendant, which application his Honor refused, on the ground that he had lost such right by his own laches. From the order refusing the motion, W. B. Hampton appealed.

The facts pertinent to the point decided, are stated in the opinion of the Court.

T. J. Wilson and Gray, for appellant.

Scales & Scales and McCorkle & Bailey, contra.

RODMAN, J. This was an action to recover three stage coaches, eight horses, and eight sets of harness.

The plaintiff claimed and obtained the immediate delivery by proceedings under sec. 176 et seq. of C. C. P. The summons was returnable to Spring Term, 1870, of Forsythe Superior Court. In April, 1870, W. B. Hampton (not the original defendant, Hampton,) made affidavit that two of the coaches and one of the horses claimed by the plaintiff, were his property, and served a copy on the sheriff, under sec. 186, C. C. P.

March, one of the defendants, disclaimed title to the property; and afterwards Ephraim Hampton, the other defendant, became bankrupt. At Spring Term, 1873, W. B. Hampton

moved, under sec. 65, C. C. P., to be made a party to the action. The Judge refused the application, and W. B. Hampton appealed.

We think it at least doubtful whether W. B. Hampton had a right to appeal from such refusal. But conceding, for the sake of the argument only, that he had, we concur with the Judge, that he had lost his right to be made a party by his laches.

Section 186, C. C. P., is intended only for the benefit of the sheriff, and to enable him to protect himself against the claim of the third party, by taking from the plaintiff an indemnity against such claim, before he delivers the property to him. It does not amount, on the part of the third claimant, to becoming a party to the action, it is not a necessary step in that direction, and the third claimant may become a party under sec. 65, without having made and served such affidavit. By the failure to do so, he would have lost his right to sue the sheriff for the trespass, but on becoming a party might obtain judgment against the plaintiff for restitution. W. B. Hampton was entitled to become a party if he had applied in reasonable time. But he has waited for more than three years after the seizure, until his claim appears at least to be barred by the statute of limitations, and he shows no excuse for the delay. We concur with the Judge below, that he has waived his right by the delay.

PER CURIAM.                                                      Judgment affirmed.