J. J. SIMS v. GOETTLE BROTHERS.

*Attachment—Interpleader—Practice.*

1. Where property seized under attachment before a justice is replevied under a decision of the justice that it is the only remedy) by A, acting

on behalf of a claimant, who gives an undertaking to pay the plaintiff such judgment as he may recover against the defendant; and afterwards the claimant is permitted to interplead and an undertaking substituted for the one originally filed stipulating to pay the plaintiff's judgment if the attached property shall be found to belong to the defendant; and on appeal to the superior court the order of the justice is affirmed and A is ordered to pay into court the proceeds of the sale of the property and an issue directed to be submitted to the jury as to its ownership; *Held*, not to be error.

2. The right of an outside claimant to intervene in such case is well settled.

(*Ins Co.* v. *Davis*, 74 N. C., 78; *Clerk* v. *Huffsteller*, 67 N. C., 449; *Toms* v. *Warson*, 66 N. C., 417; *Bruff* v. *Stern*, 81 N. C., 183; *McKesson* v. *Mendenhall*, 64 N. C., 286; *Clemmons* v. *Hampton*, 70 N. C., 534, cited and approved.)

CIVIL ACTION commenced before a justice of the peace and tried on appeal at Fall Term, 1879, of MECKLENBURG Superior Court, before *Buxton, J.*

On the 18th day of May, 1877, the plaintiff sued out a warrant from a justice of the peace against the defendants upon their liabilities as acceptors of an unpaid draft for one hundred and twenty-five dollars; and also an attachment against their goods and chattels which was levied on the same day upon six half casks of bacon, consigned to the firm of R. M. Miller & Co., and then at the depot of the carrier railroad company, undelivered.

On the 29th day of the month, J. W. Miller, a member of the firm, on behalf of the First National Bank of Cincinnati, by whom the bacon was claimed, applied to the justice to be allowed to discharge the attachment and entered into the undertaking set out in the transcript for the payment of such judgment as the plaintiff might recover of the defendants, and thereupon the bacon was by his order delivered to the said firm.

On June the 18th, the said J. W. Miller filed an affidavit, setting out in detail the manner in which the bank acquired

title, the application of the firm, as its agent, to procure the surrender of the property, and the mistake made whereby the undertaking, as shown on its face, was executed on behalf of the defendants from whom they had no authority to act, instead of the bank from whom they had such authority ; and he asked to be allowed to interplead in the name of the bank to assert its claim to the bacon, and to withdraw the undertaking filed and substitute another appropriate to its relations to the cause. The affidavit was met by a counter and conflicting statement on oath from the plaintiff.

At the hearing, and on proof of service by publication, the plaintiff recovered judgment against the defendants for his demand, and the said R. W. Miller & Co. were permitted to withdraw the said undertaking and to enter into that contained in the record and in which is a stipulation for the payment of the plaintiff's judgment if the attached property shall be found to belong to the defendants. From this order the plaintiff appealed, and in the superior court the ruling of the justice was affirmed, the said R. M. Miller & Co., ordered to pay into court the proceeds of sale of the bacon, and that upon the bank's giving an indemnity against the costs, an issue be submitted to the jury as to its ownership of the property. From this judgment the plaintiff appealed.

*Messrs. Dowd & Walker,* for plaintiff:

After citing authorities in reference to the undertaking required by law, argued that the claimant was not obliged to interplead, but could resort to separate action for damages, *Davis* v. *Garrett,* 3 Ired., 459, or have remedy by claim and delivery. *Jones* v. *Ward,* 77 N. C., 320 ; *Churchill* v. *Lee, Id.,* 341. No provision for interpleader, C. C. P., § 197, but *defendant* may discharge property from attachment, § 212.

*Messrs. Jones & Johnston,* for defendants.

SMITH, C. J., after stating the case. From the sworn statement of the justice read on the hearing in the superior court, and the facts which we must assume to have been accepted and acted on by His Honor in giving judgment, it appears that the first undertaking was given in consequence of the decision of the justice that this was the only remedy for the bank, after a distinct explanation from Miller that his firm were acting only on behalf of the bank and for the protection of its interests, and had no authority from the defendants. The contract was thus entered into under a misapprehension largely due to the erroneous ruling of the justice, and it was entirely competent for him to correct the error and relieve the applicant from a liability not intended to be incurred nor authorized by the debtor, if it could be done without any impairment of any just rights of the creditor. The omission of the justice to provide for the return of the property or of its proceeds, if sold, is remedied by His Honor and every substantial right of the plaintiff protected. The judgment requires the return of the entire fund to the custody of the court, and security to be given for the costs incurred in trying the issue raised by the inter-plea, in addition to that for the conditional payment of the plaintiff's debt, as well as allows the substitution of one undertaking in place of the other. These are parts of one and the same comprehensive order, all of which are to be carried into effect, and they afford ample security to all the just rights of the plaintiff in the premises.

The right of an outside claimant to intervene is questioned in the brief filed by the appellant's counsel, but the practice is well settled by precedent, and if not directly authorized by statute, subserves the general policy of the new system which aims to adjust in one action, when practicable, conflicting claims to the same property. C. C. P., §§ 65 and 186. It is expressly authorized by the Revised Code, ch. 7, § 10, and PEARSON, C. J., says: "The code of civil procedure

does not repeal or suspend the Revised Code in respect to practice and proceeding, except when the provisions are inconsistent." *Insurance Co.* v. *Davis,* 74 N. C., 78; *Clerk's office* v. *Huffsteller,* 67 N. C., 449.

It has been moreover recognized in several cases in this court. In *Toms* v. *Warson,* 66 N. C., 417, in reference to an application of alleged owners to interplead and assert their title to land which had been attached in the action, ROD-MAN, J., says: Crawford and Murray (the claimants) might have appeared before the clerk and moved then to be allowed to be made parties *when they could have set up their title to the property,"* or after the issues arising out of the attachment were sent up to the judge of the superior court for trial, they "might well apply to him to become parties to that collateral issue, *for the purpose of asserting their respective claims to the property."* In *Bruff* v. *Stern,* 81 N. C., 183, no question was made of the right to intervene and set up a claim to the attached property. See also *McKesson* v. *Mendenhall,* 64 N. C., 286; *Clemmons* v. *Hampton,* 70 N. C., 534.

The insufficiency of the last undertaking as a substantive security for the property withdrawn, affords no just ground of exception to the ruling of the court, since the order contemplates the return of the moneys arising from the sale of the property to the custody and control of the court, as concurrent with the surrender of the undertaking. The leave is granted to R. M. Miller & Co. to withdraw and cancel their contract on condition that they restore what they have received upon the sale. The order is consummated when both acts are done, and the benefit is withheld until the duty is performed. This being the effect of the judgment, how can the plaintiff sustain damages from its enforcement? If the defendants have no title to the bacon, and it belongs to the bank, why should the plaintiff be permitted to appropriate another's property to the payment of his debt?

and if it belongs to the debtors and the fund is in the office to meet his demand, how is he injured?

The case then is simple. The justice led R. M. Miller &. Co., the agents of the bank, into error and took from them with full knowledge of the facts, an undertaking on behalf of the defendants, which they had no authority to give, and by which no liability was imposed on the defendants. This wrong the justice proceeds to correct but fails to provide for the plaintiff's security by return of the property or of its value. The omission is remedied in the superior court and the plaintiff fully protected by the execution of the amendment of the order and the issue directed, by which the conflicting claims will be determined.

We see no error in the record and the plaintiff has no cause of complaint in the ruling of the court, and the judgment is affirmed. This will be certified for further proceedings in the court below, and it is so ordered.

No error. Affirmed.