ISAAC C. WELLBORN v. J. B. SIMONTON.

*Reference—Vendor and Vendee—Rents.*

1. A referee's estimate of the value of board and lodging will not be disturbed, where there is no agreement as to the price.

2. A vendee of land let into possession, or a mortgagor who remains in possession, is entitled to rents in lieu of interest.

(*Pearsall* v. *Mayers,* 64 N. C., 549, cited and approved).

EJECTMENT tried at Spring Term, 1882, of WILKES Superior Court, before *Avery, J.*

From the ruling and judgment of the court below, the defendant appealed.

*Mr. R. Z. Linney,* for plaintiff.
*Mr. L. L. Witherspoon,* for defendant.

SMITH, C. J.   The plaintiff, on the 14th day of October, 1876, entered into a written contract with the defendant to sell to him "one-half interest (limited to him and his heirs, being the same title as limited to me) in the land" described in the complaint, and to convey the same on his paying to one A. W. Finley four hundred dollars, and interest thereon at eight per cent. from the 1st day of January preceding, to be applied to a note of $600, bearing a similar rate of interest, executed by the plaintiff to the said Finley in the year 1875, and secured, or attempted to be secured, by a mortgage of the same land.

The defendant, in his answer to the plaintiff's complaint, and as a defence to the action to recover the premises, sets up this executory agreement, alleging his payment in money and otherwise of large sums—the inability of the plaintiff to convey a good title, or any greater estate than for the life of one M. M. Oglesby—his own readiness to comply with his engagement—and asks for a rescission of the contract, the repayment of the

sums advanced, with interest, and, if necessary, a sale of the premises, for their satifaction.

The plaintiff, in his replication, avers that he has title, and can convey an estate in fee to the moiety of the land sold, but expresses his willingness to rescind the contract, and to that end asks a reference, in order that an account may be taken.

An order was accordingly entered, by consent, of reference "to J. T. Finley, to take and state an account" between them.

At spring term, 1882, the referee made his report, submitting an account with the evidence taken bearing upon it, from which it appears there is due from the defendant to the plaintiff the sum of twelve dollars and seventy eight cents. The defendant files several exceptions to the report, which, in a condensed form, are as follows:

1. To the allowance of eight instead of ten dollars per month in the charge for board, and two dollars and a half additional for lodging and fuel.

2. To the charging the defendant with full rents for the premises during his occupancy under the contract of purchase, while he was ready and prepared to pay the same.

These two embody the substance of the five exceptions filed, which were overruled by the court.

I. The referee and presiding judge concur in their estimate of the value of the board furnished by the defendant, and we see no sufficient reason for disturbing the allowance. It may be very low, but is in advance of the price fixed by the parties for the year 1876, which was five dollars per month. The referee, with opportunities superior to those possessed by a reviewing court, to ascertain what is a reasonable compensation in the absence of a specific agreement as to the price, states that his allowance is the result of weighing and reconciling the testimony delivered before him; and an examination of that evidence does not authorize us to increase the sum fixed upon.

II. The second exception must be sustained, so far as the defendant is charged with half rent of the premises during the

period of his occupation as vendee. The use of the one-half was his own under the contract, and the interest on the unpaid purchase money belonged to the plaintiff in lieu of it. There was no contract, express or implied, that the vendee in possession should pay rent to the vendor, and its rescission cannot change the relations between the parties as they then subsisted, so as to render the vendee liable for the value of the use and occupation.

"When a mortgagor remains in possession, or a *vendee is let into possession,*" remarks PEARSON, C. J., "*he is entitled to the rents and profits in lieu of interest.* A mortgagee or vendor who takes possession is entitled to receive rents and profits, but will be required, in taking an account of the mortgage money, or the purchase money, to account for rents and profits, or for use and occupation." *Pearsall* v. *Mayers*, 64 N. C., 549. The account must be reformed upon this basis.

The appellant insists he has a right to a decree for specific performance, inasmuch as the plaintiff says he can make a good title, and the defendant asked for a rescission, on the ground that he was not able to make such a conveyance.

This point should have been made and a reference asked, when the pleadings were all in, for an inquiry as to the plaintiff's title, or the submission of an issue to the jury. Neither was asked, and on the contrary, as an accepted and agreed rescission, a consent reference was ordered, to ascertain the accounts between the parties upon that basis. It is too late now for the defendant to raise that question, and he must abide the consequences of his own concurrence in abrogating the contract.

There is error in the ruling by which the defendant is charged with rents upon his own moiety of the land, and the account must be corrected accordingly. In other respects the rulings are affirmed.

Error.                              Judgment accordingly.