G. F. DEMPSEY et al. v. ALBERT RHODES.

*Defence Bond—Action to Recover Land—Counter-Claim— Filing Pleadings—Discretion of Judge—Judg- ment—Trusts and Trustees.*

1. While the courts have the discretion, they should not encourage the practice of permitting pleadings to be filed at periods subsequent to the term, when in the regular course of the action they should have been filed, as it is calculated to produce delay, confusion and dissatisfaction.

2. In an action for the recovery of real property, the defendant, upon filing the affidavit and certificate of counsel, prescribed in the proviso in §237 of The Code, is entitled, *as a matter of right*, to answer, and the court has no discretion in the premises: and whether even a formal order is necessary; *Quære?*

3. In such cases the defendant is not relieved from paying costs, or from recovering them if so adjudged, the statute simply relieving him from giving the undertaking.

4. An equitable counter-claim may be asserted in an answer to a complaint containing a purely legal cause of action, and if not denied by reply or demurrer in apt time, the defendant is entitled to judgment for such relief as the facts therein set forth may warrant, though it be not the relief he demands. The Code, §§244, 249, 268.

5. Where one advances money to pay the balance on purchase of land for another, and takes title to himself, he and those who claim under him hold the legal title in trust for the original vendee; and when these facts sufficiently appear from the pleadings or proofs, the Court will administer the appropriate remedy, though it may not be in response to the specific prayer for relief. The Code, §245.

(*University* v. *Lassiter*, 83 N. C., 38; *Deal* v. *Palmer*, 68 N. C., 215; *James* v. *Fortune*, 69 N. C., 322; *Taylor* v. *Apple*, 90 N. C., 343; *Corn* v. *Stepp*, 84 N. C., 599; *McMillan* v. *Baker*, 92 N C., 100; *Pearsall* v. *Mayers*, 64 N. C., 549; *Johnson* v. *McArthur*, Ibid., 675; *Welburn* v. *Simonton*, 88 N. C., 266; *McKesson* v. *Mendenhall*, 64 N. C., 286; *Bonham* v. *Craig*, 80 N. C., 224; *Barnhardt* v. *Smith*, 86 N. C., 473; *Dunn* v. *Barnes*, 73 N. C., 273; *Jones* v. *Mial*, 82 N. C., 252; *Knight* v. *Houghtalling*, 85 N. C., 17; *Lambert* v. *Kinnery*, 74 N. C., 348; *Justice* v. *Eddings*, 75 N. C., 581, cited and approved).

This was a CIVIL ACTION tried before *Gudger, Judge,* at February Term, 1885, of DUPLIN Superior Court.

This action was brought to the Fall Term, 1882, of the Superior Court of the county of Duplin, to recover possession of the land described in the complaint, which was filed at that term. The plaintiffs claimed that the land was devised to them by the will of Frank Brice, deceased.

It appears that by leave of the Court, the defendant filed his answer in February of 1883, as of the appearance term, and that it has been on file ever since that term.

Before filing the answer, an attorney practicing in that Court, certified to the Court that he had examined the case of the defendant, and was of the opinion that the plaintiff was not entitled to recover; and the defendant filed an affidavit made before the Clerk of the Court, in which he stated that he was unable to give the bond required of him in that behalf, and the Clerk made an order allowing him to answer without giving bond.

In the complaint, the plaintiffs allege that they are the owners in fee of the land, and entitled to have possession of the same, and that the defendant is in possession thereof, and wrongfully refuses to surrender the possession to them. They demand judgment for possession, damages for detention, and costs.

The defendant denies the first allegation of the complaint, and alleges that, in the year 1874, he purchased the land in question from John J. Brice, at the price of $550, to be paid at the end of two years next thereafter, and delivered to him two notes, each for $275, to be paid, one at the end of one year, the other at the end of two years, bearing interest at the rate of eight per cent. *per*

*annum;* and the said John J. signed and delivered to him a bond, conditioned that he would make title to the defendant for the land when the purchase money should be paid; that he paid the first of the notes and the interest thereon at its maturity, and upon the second one, he paid before it was due, $118; that he was unable and failed to pay the balance of the latter note at maturity, whereupon, the said John J. notified him that unless such balance should be paid, he would insist that the defendant had forfeited his right under the contract of sale; that thereupon, Frank Brice, under whose will the plaintiffs claim the land as devisees, agreed to advance the balance of the purchase money, take the title to the land from the said John J., and convey it to the defendant when he should pay such balance and the interest thereon to the said Frank Brice; that in the Fall or Winter of 1877, he paid to Frank Brice $130, and demanded a deed, but he refused to execute the same, upon the ground that the defendant must pay him interest at a much higher rate than that allowed by law; that being ignorant of his legal rights, he yielded to the demands of the said Frank, and executed to him another note for a considerable amount, and the next year thereafter he paid him on that account $175, and 1,000 pounds of seed cotton at 3½ cents per pound, and the said Frank still refused to execute a deed for the land to the defendant; that he again yielded to the demands of the said Frank, and executed to him another note, which he has not paid, except the sum of $48 in seed cotton; that the said Frank Brice devised the land in question to the plaintiffs; that he is in possession of the land, but denies that he wrongfully withholds the same from the plaintiffs, and that he has paid about the sum of $200 more than he justly owes the said Frank as usurious interest. He demands judgment for $400, for costs, and for general relief.

The plaintiff filed *no replication* to the answer. The material part of the case settled upon appeal for this Court, is as follows:

" The jury was impanelled in the cause, the plaintiffs read the complaint, and the defendants read their answer, (copies of

which are set out in the record accompanying this statement). The presiding Judge asked if there was a replication; the counsel for plaintiffs said they had not filed a reply. The Court thereupon stated that there being no reply to the answer, the allegations of the answer were thereby admitted, and the defendant was entitled to a verdict.

. Counsel insisted that they had not seen the answer till it was read in court. The Court thereupon instituted an inquiry and found from the statement of the clerk and the record of the court that the answer had, been filed in February, 1883, under leave of the Court given at Fall Term, 1882, and that the answer had been on file ever since.

*Exception* 1. Plaintiffs excepted. Counsel for plaintiffs then moved for leave then and there to file a reply to the answer. This motion was denied and plaintiffs excepted.

*Exception* 2. During the colloquy that ensued between the counsel for plaintiffs and defendant on the motion to allow plaintiffs to file a reply and take issue on the answer, the Court remarked to counsel for the plaintiffs that the Court thought that indulgence ought not to be extended to them; that here was a poor ignorant negro who had put his answer on record two years ago, and that plaintiffs had not during all that time joined issue with him on the statement contained in his answer, and that now after the jury was impanelled the answer should be accepted as true. And the Court thereupon directed the jury to return a verdict in favor of the defendant.

*Exception* 3. The plaintiffs excepted to the directions of the Court to render the verdict for defendant, and also to the remarks made by the Court.

Judgment for the defendant on the verdict in his favor as directed by the Court.

*Exception* 4. The plaintiffs except to the judgment rendered in favor of the defendant for costs, as he had been allowed by order of the clerk to defend without giving bond."

The Court gave judgment, whereof the following is a copy:

"This cause coming on to be heard, and being heard by the Court and jury, and the jury under the directions of the Court having found all issues in favor of the defendant, it is ordered, adjudged and decreed that the plaintiffs and all persons holding under them, be and they are hereby foreclosed forever from all power, right, title or interest in and to the lands mentioned and described in the pleadings in the above entitled action, and it is further adjudged and decreed that the plaintiffs convey in fee the said lands to the defendant and his heirs, and that this decree be registered on the books of the Register of Deeds of said county and operate as a deed of conveyance to the said defendant, the said Albert Rhodes, as provided by law.

"It is further adjudged that the defendant do recover the costs of this action against the plaintiffs."

The plaintiffs appealed to this Court.

*No counsel for the plaintiffs.*
*Messrs. Faircloth & Allen,* for the defendant.

MERRIMON, J. (after stating the facts). The answer appears in the record as having been filed regularly at the appearance term—it was, however, in fact, by permission of the Court, filed in February, 1883, as of that term. It was competent to allow this to be done, though such practice ought not to be encouraged. It generally engenders dissatisfaction, sometimes serious irregularity and unnecessary contention. So that the answer had been on file with the permission of the Court, for two years next before the trial. The plaintiffs cannot be heard to say that they did not see it—they were before the Court, and were all that time charged with notice of what was done in the course of the action, and the papers pertinent to it on the file. It was their own neglect if they failed to see it. Every action is important—it requires prompt and orderly attention in the whole course of its progress, and the Court will not tolerate, much less encourage neglect of it by the parties to it. The careless litigant

must accept the consequences of his unnecessary default. *University* v. *Lassiter*, 83 N. C., 38, and cases there cited.

It was insisted on the argument, that the answer could not be treated as having been filed at the appearance term, or at all, because the defendant had not given bond as required by the statute (C. C. P., §382; Bat. Rev., p. 238,) then in force. Nor had the Court made an order allowing the defendant to answer without giving such bond, as allowed by the same statute, §382*a*. This objection is without force, because, as allowed by the statute last cited, an attorney practicing in the court certified that he had examined the defendant's case and was of opinion that the plaintiff was not entitled to recover, and the defendant made affidavit before the clerk that he was unable to give the bond, and the certificate and affidavit were placed on file with the answer among the papers in the action. This being done, the defendant had the right to answer, and it did not rest in the discretion of the Court to refuse to allow him to do so. Notice of such certificate and affidavit was not necessary, and it may be questioned whether it is necessary in any case that the Court should make an order allowing the defendant, upon filing such certificate and affidavit, to answer, because he answered as of right under the statute. *Deal* v. *Palmer*, 68 N. C., 215; *James* v. *Fortune*, 69 N. C., 322; *Taylor* v. *Apple*, 90 N. C., 343.

But if such order was necessary, and objection in that respect might have been made in apt time, it was unquestionably waived by the defendants. The certificate of counsel and the affidavit of the defendant fully meet the requirements of the statute, and they and the answer, as we have seen, were on file without objection for two years and until the trial. They must be treated as having waived the absence of any such order. *Corn* v. *Stepp*, 84 N. C., 599; *McMillan* v. *Baker*, 92 N. C., 110.

2. The answer of the defendant is informal, and particularly the relief specially demanded is not such as the court granted, nor is it such as the defendant is entitled to have; but it con-

tains a prayer for general relief. No exception was taken on this account—certainly not in apt time. It in effect admits that the legal title to the land described in the complaint is in the plaintiffs; but it alleges with tolerable clearness, that the defendant contracted to purchase the land from John J. Brice for a stipulated price in the year 1874, and took from him his bond conditioned that upon the payment of the purchase money, he would convey the title to the defendant; that he paid a large part of the purchase money, but failed to pay the whole of it at the time the second note given for part of it matured; that it was then agreed, that Frank Brice would pay the balance of the purchase money, take the title from John J. Brice, and the defendant would pay the said Frank the sum advanced for him with interest, and when he paid the same Frank Brice would convey the title to the defendant; that the defendant paid the money due and more, to Frank Brice; that afterwards Frank Brice died leaving his will by which he devised the land in question to the plaintiffs, and they claim title to the land under that will.

Some question was made on the argument as to whether it sufficiently appeared that it was alleged that the whole of the purchase money was paid to Frank Brice; but we think it is sufficiently alleged—the sums of money alleged to have been paid to him is more than the balance of the purchase money alleged to have been advanced by him, and there is a general allegation that the defendant paid him about $200 more than he owed him, as usurious interest. It is alleged sufficiently by the tenor of the answer, that John J. Brice conveyed the title of the land to Frank Brice, and the latter agreed in writing to convey the same to the defendant, although there is no specific allegation to that effect.

The defendant thus manifestly—in effect he alleges an equitable counter-claim—an equitable cause of action "connected with the subject of the action"—the land—against the plaintiffs' devisees under the will of Frank Brice, who held the naked legal title to

the land in question in trust for the defendant. The devisees, the plaintiffs, took nothing under the will but the naked legal title, charged with the trust, and they hold it for the defendant just as the testator under whom they claim held it in his life time. The claim as alleged, exists in favor of the defendant and against the plaintiffs, and between the plaintiffs and defendant there may be had a several judgment in the action. The Code, §244. At law, under the common law method of procedure, the plaintiff would be entitled to recover; the defendant, however, would have his right to assert his equity in a Court of Equity and compel the plaintiffs to convey the legal title to him.

Under the Code method of procedure as it prevails in this State, the plaintiff may allege his legal causes of action, and the defendant may in his answer allege his equitable *counter-claim*, which is, in effect, a counter action on the part of the defendant against the plaintiff. The Code, §245; *Pearsall* v. *Mayers*, 64 N. C., 549; *Johnson* v. *McArthur*, *Ibid.*, 675; *Welburn* v. *Simonton*, 88 N. C., 266; Clark's Code, §99 *et seq.*

3. The *counter-claim* is not alleged merely as a matter of defence. The defendant seeks by it substantial relief. The plaintiffs failed to file any reply to the material allegations of new matter in the answer constituting the *counter-claim;* they are therefore to be taken as true. The Code, §268; *McKesson* v. *Mendenhall*, 64 N. C., 286; *Bonham* v. *Craig*, 80 N. C., 224; *Barnhardt* v. *Smith*, 86 N. C., 473.

4. As "every material allegation of new matter in the answer constituting the *counter-claim*" was, for the purpose of the action, to be taken as true, the defendant was entitled to such judgment as such allegations warranted. The Code, §249, provides that, "If the answer contains a statement of new matter constituting a counter-claim, and the plaintiff fail to reply or demur thereto, the defendant may move for such judgment as he is entitled to upon such statement, and, if the case require it, an order for an inquiry of damages by a jury may be made."

The plaintiffs, however, contended that the defendant had not demanded proper relief, nor the judgment granted by the Court.

And he did not specially, but he demanded generally, such relief as the Court could grant, and this was sufficient. Indeed, in the absence of any formal demand for judgment, the Court will grant such judgment as the party may be entitled to have, consistent with the pleadings and proofs. *Dunn* v. *Barnes*, 73 N. C., 273; *Jones* v. *Mial*, 82 N. C., 252; *Knight* v. *Houghtalling*, 85 N. C., 17.

It is obvious that we cannot review the action of the Judge in refusing to allow the plaintiffs to file a reply at the trial. Whether he would or not, rested in his discretion, and his exercise of it cannot be reviewed here.

The jury was improperly impaneled—there was no issue of fact for them to try; indeed, it does not appear in the record that any issue was submitted to them. What was called their verdict was immaterial, and went for nothing. The Court ought to have proceeded to give judgment upon the facts in the answer taken as true. The exceptions in respect to what the Court said to and in the presence of the jury, are therefore groundless.

The Court properly gave judgment in favor of the defendant for costs. When, in an action to recover possession of land, the defendant is allowed to defend without giving an undertaking to secure costs and damages to the plaintiff, he is not relieved from paying costs, if he shall be cast in the action, and he may recover costs, if he succeeds. The statute simply relieves him from giving the undertaking, and leaves him to pay or recover costs, just as if there was no such statute. *Lambert* v. *Kinnery*, 74 N. C., 348; *Justice* v. *Eddings*, 75 N, C., 581.

Accepting the material allegations of new matter in the answer constituting the counter-claim as true, we are of opinion that the judgment of the Court, was substantially correct, and it must be affirmed.

　　No error.　　　　　　　　　　　　　　　　Affirmed.