GRAMBLING, SPALDING & CO. v. T. C. DICKEY.

*Attachment—Interpleaders—Value of Property—Jurisdiction of Justice of the Peace—Trial.*

1. In the trial of an action a party cannot object to a question, put to his witness by his adversary on cross-examination, substantially the same as one asked by himself.

2. Where an insolvent person sells property to a near relative, the law presumes fraud, and the burden of showing the transaction to be *bona fide* rests on the purchaser.

3. Upon the trial of an issue as to whether a wife has acquired a separate property in her own earnings by agreement with her husband is on the party alleging that fact.

4. Attachment proceedings relating to personal property being only ancillary to the main action, a justice of the peace may entertain and try an interplea to determine the title, although the value of the property exceeds $50.

CIVIL ACTION, (consolidation of thirteen different cases,) heard on appeal from judgments of a justice of the peace, before *Graham, J.*, and a jury, at Spring Term, 1895, of CHEROKEE Superior Court. Plaintiff appealed. The facts appear in the opinion of the Chief Justice.

*Messrs. J. W. & R. L. Cooper*, for plaintiffs (appellants).
*Messrs. Ferguson & Ferguson* and *Ben Posey*, for defendant.

FAIRCLOTH, C. J.: The plaintiffs instituted several actions before a justice of the peace, against defendant T. C. Dickey, for sums less than $200 in each case. Dickey admitted the debts and consented to judgments. The plaintiff also attached certain property, alleging that it was Dickey's property. The other defendants interpleaded before the justice, alleging that they were the *bona fide*

owners of the property before the att. hments issued. The plaintiffs filed affidavits and moved to dismiss the interpleas on the ground that the value of the property attached was more than $50, and that the justice could not try the title to property exceeding $50 in value. The value is admitted to be more than $50 in each case. The motion to dismiss the interpleas was allowed by the justice and the intervenors appealed. The cases were consolidated by consent, and at the trial the court below refused to sever the cases for trial, and also refused to dismiss the interpleas, on the grounds above stated, and the plaintiffs appealed.

The defendant Dickey on the same day, but after the attachments were levied, made a general assignment of his personal property for the benefit of his creditors. Neither party tendered any issues, and the court submitted these:

" 1. Did the defendant, T. C. Dickey, assign, dispose of or secrete his property with intent to defraud his creditors as alleged in the complaint?

" 2. Was the defendant, T. C. Dickey, on the 11th day of December, 1893, about to assign, dispose of or secrete his property with intent to defraud his creditors, as alleged in the complaint?" Each of these was answered " No."

" 3. Was A. B. Dickey, on the 11th day of December, 1893, the owner of the horses and livery outfit described in the interplea in this action?" Ans., " Yes."

The 4th, 5th and 6th issues were the same as to the other interpleaders, and each was answered " Yes."

There was considerable evidence bearing upon the value of the property and the alleged sales before the attachments issued. The proofs showed that some of the intervenors were near relatives of T. C. Dickey, and that one was his wife.. Plaintiffs filed numerous exceptions. They introduced John M. Dickey, who testified that the sales

made to the intervenors, before the attachments, were for a valuable consideration and full value. Defendants asked him, "Was the transaction between you and T. C. Dickey for a valuable and *bona fide* (consideration) on your part?" Ans. "Yes." Plaintiffs objected. His Honor told the jury "that plaintiff has shown by his own witness, J. M. Dickey, that each of those transactions was in good faith and for a valuable consideration," and that "defendant may rely entirely on the testimony furnished by the plaintiff's witnesses" in his discretion. The defendant's question was unobjectionable, inasmuch as plaintiff had asked the same witness substantial'y the same question.

Without writing out in detail the several objections, exceptions and prayers for instructions, we have carefully examined them, and we find nothing therein prejudicial to the plaintiffs, whatever might have been said by the defendants if the verdicts had been given against them.

His Honor charged the jury that, when an insolvent sold property to a near relative, the law presumes fraud, and the burden of showing a *bona fide* transaction and a full consideration rested upon such purchaser. He also told the jury that ordinarily the wife's earnings belonged to her husband, but in North Carolina she may acquire separate property by agreement with her husband, free from her husband's control, "but upon this issue the burden of proof is on the interpleader, (she being one,) as it is upon each interpleader in this action," and those questions were left to the jury.

The principal controversy made on the argument was jurisdiction in the justice to entertain the attachments. The plaintiffs' misconception of the question arises from considering an attachment as an action, whereas it is only a remedy ancillary to the action, adopted to avoid driving

the claimant to a separate action to try his title. The plaintiffs' contention would lead to the inconsistent result that the creditor could attach property worth more than $50 before a justice, and the claimant could not be allowed to assert his title to the property seized. The right to interplead was considered in *Sims* v. *Goettle*, 82 N. C., 268. The interplea is allowed by *The Code*, Sections 375 and 331. The plaintiffs contend that these sections violate the Constitution, Art. IV., Sec. 27, and rely on *Peyton* v. *Robertson*, 9 Wheat. U. S., 527. That article inhibits jurisdiction in the justice of the peace where the title to *real* estate is in controversy, and *Peyton* v. *Robertson*, *supra*, was an action in detinue, and the jurisdiction failed because the amount was too small in that court. In attachment proceedings, the title and not the value of the property is the inquiry to be tried. *Dobson* v. *Bush*, 1 Car. Law Repository, 236 ; *McLain* v. *Douglas*, 6 Ired., 233 ; *Wallace* v. *Robeson*, 100 N. C., 206. We find no error below.

Affirmed.