HeiíbeRsoK, Chief-Justice.
 

 Wc cannot look into the mere errors in rendering judgment, but only into its regularity according to the course of the court. For if the judgment bo regular, however erroneous wo may-think it is, it has, until reversed, all the power and effect of a judgment.
 

 against, heirs, to enforce a de-The process of
 
 sci. j
 
 cree in equity against the executor or administrator of the ancestor upon a deficiency of assets,until declared to he improper by this court, in the case, of
 
 Jeffreys
 
 v.
 
 Yarborough,
 
 (1
 
 Dev. Eq. Cases
 
 506.) a decision in which I did not concur, was the common and ordinary mode of proceeding. We cannot impedeh the judgment for that irregularity. It would unsettle too
 
 much
 
 property. Nor can wc impeach it, because a default, or judgment by nil
 
 dicit
 
 was taken against the infant heirs : for this is only error, but docs not render the judgment null. The only objection, which has the appearance of solidity is, that the defendants, the heirs, were not made parties. And if the fact be so, the judgment is void. For there can be no judgment, but against one in court. It is not according to the course of the court, to render judgment against one not brought into court. - The
 
 sci. fa.
 
 in this case is not against the proper person. It should have been against the heirs themselves.' But when the ser
 
 *243
 
 vice was admitted by
 
 John B. Blount,
 
 the guardian
 
 B.
 
 and
 
 W. T Muse,
 
 we must thou consider
 
 J. B,
 
 and
 
 W-
 
 .
 
 Muse
 
 as m court, for that court was the proper judge. It is so decided ; and it cannot he contradicted in this collateral way, whether they were properly in court, whether
 
 John B. Blount
 
 was their guardian, or whether it was competent for
 
 Thomas E. Blount
 
 to admit service for
 
 John B. Blount.
 
 For itis evident, that these,points were, either expressly or impliedly, so adjudicated, by the court. The court may have erred, and certainly acted very mi-adviscdly, in permitting the executor to defend as guardian. For on his full administration it depended, whether execution was to issue against him or the heirs. The judgment therefore is not void, neither is it taken contrary to the course of the court,
 

 Where judg-dered against an “fantupon pro-gainst his guar* p^¿Vf°r infant, this ap-kentohavebcen the^om-tf ^
 

 The lot was sold as the-property of the heirs of
 
 William T. Muse;
 
 and it was proved, that the defendant declared, that
 
 Muse
 
 and
 
 one Mullen
 
 purchased it for him; and that when he paid the purchase money it was to he his, and that he had paid the money. The plaintiff showed no conveyance but the sheriff’s deed. The defendant showed no title. As to setting up an equitable title, it lias been long since exploded for reasons much better than I can give. I can see no reason why, after the declaration that the defendant held under
 
 Muse,
 
 or that
 
 Muse
 
 had the legal title, and that he liad only an equitable one, when sued by
 
 Muse,
 
 his acknowledged trustee, or a purchaser under him. that he should put the plaintiff to the proof of that which he'liad admitted. The adoption of such a rule would destroy all confidence between man and man. It is true, that the admission does not give
 
 Muse
 
 a title, for that would he to give him one by mere parol; but it requires, that the defendant should not retain that possession against
 
 Muse,
 
 which he acquired from
 
 Muse
 
 in confidence,-and as his
 
 quasi
 
 ten-* ant. Aftc-r having surrendered that possession, he may controvert
 
 Muse’s
 
 title ; but he shall not weaken it by setting up a possession thus confidentially acquired. In this case, however, the plaintiff upon this evidence is entitled to recover possession of one half only* for the de-
 
 *244
 
 fewlant obtained it under
 
 Muse
 
 and
 
 Mullen,
 
 and the plaintiff represents the former only.
 

 , , A judgment is void when rendered contrary the court, but if de?edPf'"unsta party when it should ii.ye beep, ib-s favor it is only eiToneous‘
 

 When I say, that the
 
 scire facias
 
 should have issued against the lieirs of
 
 Muse,
 
 and not against their guardian, 1 do not mean, that it must be against the heirs
 
 by name,
 
 for I think, that a
 
 scire facias
 
 directing the sheriff to make known to the heirs generally, without naming them would be good.
 

 judgment is void and confers no rights against
 
 amt , .
 
 , , ., , ' . ° . ...
 
 one,
 
 (wherever and however it may be introduced, either directly or collaterally,) when it is taken
 
 contrary to the course of the court,
 
 it is erroneous, when the court mis-*£l*ies ^le law, and renders judgment for one party, when upon the record, it should have been rendered for the 0i()er • ol. rather, when a judgment different from the
 
 *
 
 one given should have been rendered; hut in that case it is as binding until reversed, as if it were not erroneous.
 

 Per Curiam. — Judgment reversed.