Nash, C. J.
 

 In all proceedings of a judicial nature, it is necessary that the person whose rights are to be affected, should in some way be a party to the proceedings. The cases affecting the revenue laws, in authorising summary judgment against delinquent collecting officers, are exceptions. It is not sufficient for the Court to have jurisdiction of the subject matter in contest; they must also have jurisdiction of the per
 
 *345
 
 son. It is a clear dictate of justice, that no man shall be deprived of his rights of person or property without the privilege of being heard.
 

 The action before us commenced by warrant, and is founded on a prior magistrate’s judgment. To sustain his action the plaintiff gave in evidence, the judgment as set out in the case. There was no evidence, by endorsement or otherwise, that the warrant had ever been served on the defendant, or that he had appeared to the case. Objection was made to the competency of the judgment as evidence ; but his Honor ruled it was competent, and gave judgment upon the case agreed, for the plaintiff. In this there is error. In the case of
 
 Armstrong
 
 v. Harshaw, 1 Dev. Rep. 187, the Court say, the constitution and the laws of the country guaranty the principle that no freeman should be divested of a right by the judgment of a Court, unless he shall have been made a party to the proceedings in which it shall have been obtained.” Here, the defendant, as far as the case discloses, in the original proceedings, was no party to them, either by service of the process or by appearance.
 

 But it is said that judgment was rendered by a Court having jurisdiction of the subject matter, and, until reversed, is still in full force, and cannot be impeached in this collateral way. The principle is correct. The judgment of a Justice of the Peace, acting within the range of his proper authority, though not a record, properly speaking, is a record to some purposes; it establishes, for instance, the state of the controversy between the parties, so that in an action on a contract, if against the defendant, to the effect that he owes the plaintiff the money ascertained by it at the time of the rendition, and while unreversed, both parties are bound. But unfortunately for the plaintiff’s argument, that which he relies on as a judgment is not a judgment. Though pronounced by a magistrate as such, it is absolutely void and of no effect. However erroneous or irregular a judgment may be, yet, as long as it stands unreversed, it is the act of the Court and carries with it absolute verity. But if what is offered in evidence,
 
 *346
 
 lias only tbe semblance of a judgment, as if rendered by a Court having no jurisdiction, or against a person who has had no notice to defend his rights, it is nota judgment.
 
 Jennings
 
 v.
 
 Stafford,
 
 1 Ire. 404. Whenever, therefore, a judgment at Law or a decree in Equity, is offered in evidence, it is requisite to set forth'so much of the pleadings and orders as to show that the one was pronounced and the other given in a cause properly constituted between the parties.
 
 Williamson
 
 v.
 
 Redford, 10
 
 Ire. Rep.
 
 198,
 
 reaffirmed in
 
 Lyerly
 
 v.
 
 Wheeler,
 
 11 Ire. Rep. 288. The original judgment, therefore, upon which the action is brought, being absolutely void, was, in Law, no judgment, and in admitting it in evidence there was error.
 

 Per Curiam.
 

 Judgment reversed, and judgment of non-suit.