JAMES TOMS *vs.* HENRY WARSON.

1. Under the provisions of the C. C. P., an attachment is not the foundation of an independent action, but is a proceeding in the cause, in the same action already commenced, is an anciliary remedy and collateral to such action.

2. Hence a stranger to the action in aid of which the attachment is issued, has no right to intervene, and make himself party thereto, though upon proof of interest in the property attached, he may be allowed to make up a collateral issue of title.

This was a petition filed by Crawford and Murray in the above-named cause, and heard before His Honor, Judge Henry, at Fall Term 1871 of Buncombe Superior Court.

Toms had brought suit against Warson on notes, and while the same was pending, Toms sued out an attachment, and caused the same to be levied on certain land claimed by Crawford and Murray.

Therefore Crawford and Murray filed their petition to be allowed to intervene in the original action, and contest the plaintiff's right to recover against Warson on the notes. His Honor declined to grant the demand of the petition, and from this determination Crawford appealed.

*M. Erwin* for appellant.
*D. Coleman* and *J. H. Merrimon.* for appellee.

RODMAN, J. In January 1869, the plaintiff commenced an action in Buncombe Superior Court against defendant upon two notes. Afterwards, while the action was pending, and undetermined, the plaintiff applied to the clerk of that Court upon affidavit for an attachment which was issued, and returned levied on certain lands in Henderson county, and also on certain lands in Buncombe county. On the return of the attachments, the defendant put in an answer, denying that he

27

was the owner of the property attached, &c., and the clerk thereupon returned all the papers connected with the attachments to the Superior Court in term time for the trial of the issues thus irregularly joined between the plaintiff and defendant.

Crawford and Murray, appeared before the Judge, the former claiming the lands levied on in Henderson, and the latter those in Buncombe, and they moved the Judge to allow them to become parties to the original action on the note. This he refused, but allowed them to become parties to the collateral issues respecting the title to the property levied on. From this refusal they appealed.

1. The summons and complaint by the plaintiff as a ground for his motion for the attachment were unnecessary. The motion for an attachment is a motion in the original action. It must be founded on a proper affidavit, and should be in writing. The defendant may oppose the granting of the attachment in the first instance if he has notice of the application, or he may come in afterwards and move to vacate it, either in defects in the plaintiff's case, or on counter affidavits, as the nature of the case may require. But he cannot plead to the attachment in a technical sense. To do so was irregular.

Crawford and Murray might have appeared before the clerk and moved there to be allowed to be made parties, when they could have set up their title to the property. When issues of fact were thus joined, the clerk should have sent them up to the Judge of the Superior Court to be tried there.

2. But as this was not done, and the clerk had sent up the issues between the plaintiff and defendant, arising out of the attachment, and they were then pending before the Judge, Crawford and Murray might well apply to him to become parties to that collateral issue, for the purpose of asserting their respective claims to the property. This the Judge offered to allow them to do.

3. But they had no right to become parties to the original

action on the note. In the matters at issue in that action, they had no interest to be affected by any judgment which might be given. There was no reason for their intervening. They were strangers to that controversy, and could neither be benefitted or prejudiced by its result. The Judge properly refused to allow them to become parties. If they had so moved, the Judge might have made an order suspending the sale of the property attached until after the determination of the collateral issues respecting the title, and no doubt he would have done so, but whether he had or not, all purchasers of the land in Buncombe, would have been affected by notice of the claim to that, and Crawford by filing a notice of *lis pendens* in Henderson county, as provided by sec. 90, C. C. P., could have affected with all purchasers of the property in that county.

There is no error. Let this opinion be certified to the Superior Court of Buncombe, to the end that it may proceed in the action according to law.

PER CURIAM.                                         No error.