T. H. WEBSTER and wife v. WESLEY LAWS and wife.

*Pleading—Defence of Pendency of another suit between same parties.*

Where a summons was issued by a justice and the defence set up at the trial is the pendency of another action before another justice for the

same sause of action, and no further steps were taken in the first, until some time afterwards when an entry of nonsuit was made by the justice ; *Held* that the first action terminated on the day when the second was begun.

(*Fulbright* v. *Tritt*, 2 Dev. & Bat., 491 ; *Governor* v. *Welch*, 8 Ired., 249 ; *Hanna* v. *Ingram*, 8 Jones, 55 ; *Etheredge* v. *Woodley*, 83 N. C., 11 ; *Harris* v. *Johnson*, 65 N. C., 478 ; *Woody* v. *Jordan*, 69 N. C., 189, cited and approved.)

APPEAL from an order made at Fall Term, 1881, of ALEXANDER Superior Court, by *Seymour, J.*

The only question in this case arises out of the ruling of of the court upon the sufficiency of the defence to the action, the material facts of which as found by the judge, a trial by jury being waived, are these :

The summons in the present action was issued by a justice of the peace on August 9th, 1879, and the cause tried on the 20th day of the month. The defence set up was the pendency of another suit, instituted before another justice for the same cause of action and between the same parties, the warrant in which was returnable on the same day when the second suit was begun, but it does not appear to have been served. On the return day; the justice who issued the first warrant was absent from the county and remained away several days. No further action was taken therein until some time afterwards, when an entry of nonsuit was made on the docket of the justice by himself.

Upon these facts the court declared, as matter of law, that the first action was depending and undetermined· at the time of the issuing and serving of the summons in the second action, and gave judgment against the plaintiffs, from which they appealed.

*Mr. G. N. Folk,* for plaintiffs.
*Mr. D. M. Furches,* for defendants.

SMITH, C. J., after stating the above. We do not concur

in the ruling that, upon the facts found, the first action was pending when the second action was begun. The process not having been served was exhausted on the day fixed for its return, and the action was in law then discontinued. This has been repeatedly decided in this court. *Fulbright* v. *Tritt*, 2 Dev. & Bat., 491; *Governor* v. *Welch*, 3 Ired., 249; *Hanna* v. *Ingram*, 8 Jones, 55; *Etheridge* v. *Woodley*, 83 N. C., 11.

A discontinuance of process is different from a discontinuance of the action. "When a plaintiff leaves a chasm in the proceedings of his cause," says Mr. Sellon, "as by not continuing the process regularly from day to day and term to term as he ought to do, the suit is discontinued and the defendant is no longer bound to attend." 2 Sellons' Prac., 458; 3 Black. Com., 296.

But if the summons had been served we think it would not have affected the result.

The first action, then, terminated on the same day at which the second was begun, and if fractional parts of a day can be counted in such a case, there is no finding as to which is prior in time. But the form of the plea avers that the said former suit "is still depending," having reference to the commencement of that which is to be abated by the plea, (2 Ch. Plead., 468), and hence to be available this priority should be alleged and shown. But we are disposed to hold an inquiry into the hours of the day, when the one ended and the other begun, as immaterial, and the second action will not abate when the summons was sued out on the same day, the plaintiff not being required to await its close before proceeding.

But it is sufficient to say that the legal conclusion drawn by His Honor from the facts found by him, was not warranted in law, and his judgment based thereon is erroneous. We attach no importance to the entry of nonsuit on the justice's docket, since the cause had already been disposed

of by the discontinuance resulting from the plaintiffs' failure to prosecute it. The more recent cases in our reports where this defence has been set up, are; *Harris* v. *Johnson*, 65 N. C., 478; *Woody* v. *Jordan*, 69 N. C., 189.

There must be a *venire de novo* and it is so adjudged.

Let this be certified.

Error.                                         *Venire de novo.*