## L. H. BLAIR & CO. v. PURYEAR & MILES.

### *Attachment Proceedings—Interpleader.*

Third persons, upon proper allegation of an interest in the property attached, have the right to intervene to make up a collateral issue; but whether the attachment proceedings are regular, is a matter between the parties to the main action.

(*Toms* v. *Warson,* 66 N. C., 417; *Simms* v. *Goettle,* 82 N. C., 268, cited and approved.)

APPEAL from an order made at Fall Term, 1882, of DUR-
HAM Superior Court, by *Shipp, J.*

The plaintiffs commenced this action on the 3rd of July,
1882, returnable to fall term of the superior court, and on
the same day procured a warrant of attachment to issue,
which was levied upon a certain fund belonging to the de-
fendants in the hands of R. C. Strudwick.

On the 27th day of the same month, C. W. Thorn & Co.,
and others, creditors of the defendants, recovered judgments
against them in a justice's court, and immediately had
them docketed, and instituted proceedings supplementary
to execution, and on the 5th day of August obtained an
order from the clerk of the superior court appointing a re-
ceiver with instructions to take the fund then in Strud-
wick's hands, *subject, however, to all prior liens.*

At the return term of this action, those judgment cred-
itors, together with the receiver, filed their petition asking
to be allowed to intervene in the action, and thereupon the
judge directed them to be made parties, with leave to pre-
pare such an issue as would " present the special lien
claimed by the petitioners," and in the meantime instruct-
ing Strudwick to retain the fund in his hands until the
further order of the court, and the plaintiffs appealed.

*Messrs. Roulhac & Fuller*, for plaintiffs.
No counsel *contra.*

RUFFIN, J.   We understand the judge's order to mean
that the intervening parties should be admitted, not to de-
fend the main action between the plaintiffs and defendants,
but to present an issue between themselves and the plain-
tiffs as the superior rights to the fund in controversy.

Thus understood, the decision in *Tom* v. *Warson*, 66 N. C.,
417 governs the case.   That was an attachment levied on
land.   Third parties claiming to own the land petitioned

to be admitted as parties to defend the action; and it was
held that they had no right to intervene in the original ac-
tion between the plaintiff and defendant, so as to contest
the former's right to recover, for as to that, they were
strangers, and could neither be benefited nor prejudiced by
the result. But, that upon proper allegations of an interest
in the property attached, they were entitled to intervene so
far as to make up a collateral issue as to the title. See also
*Sims* v. *Goettle*, 82 N. C., 268.

By parity of reasoning, we should hold that third parties,
so intervening, could not be heard to object to the regularity
of the attachment proceedings—that being a matter between
the parties to the main action; and this objection the de-
fendant might waive, and no one else can make for him.
But here, the order of the court restricts them to a single
collateral issue as to the better lien on the fund; and conse-
quently there is no error.

No error.                                      Affirmed.