FIRST NATIONAL BANK OF SPRINGFIELD et al. v. ASHEVILLE FURNITURE AND LUMBER COMPANY.

*Practice—Appeal—Res Judicata—Attachment—Intervening Claimants—Title—Evidence—Damages.*

1. On a second appeal, where errors assigned are the same as those passed upon by the former appeal, the former decision will be adhered to, the proper course for the correction of error in the former opinion, if any exist, being by petition to rehear.

2. Where a claimant intervenes in attachment proceedings and in his affidavit of claim avers that an attachment has been levied, he cannot be afterwards allowed to deny the levy.

3. Where a claimant of attached property intervenes in attachment proceedings, he cannot be allowed to deny that a levy has been made, for the reason that it does not concern him whether the levy has been made or not ; he is interested in but one issue—to-wit, the title to the property.

4. Where an intervening claimant in attachment proceedings had purchased the property only twelve days before the levy of the attachment, at which time it was in the factory of the debtor and in an incomplete condition, and on the trial the validity of the sale under which claimant claimed was the only issue, evidence that the claimant was in possession at the time of the levy was not admissible as showing title to him.

5. Where, in the trial of an action involving the title to personal property upon which an attachment had been levied and was claimed by an intervenor, the parties agreed that, if the jury should find for the plaintiff, the damages should be six per cent. interest on the value of the property from the time of the levy, and the jury found for the plaintiff and fixed the value of the property at date of levy, it was not improper for the court to make the computation of interest and enter the result as the answer to the issue as to damages.

CIVIL ACTION, tried at August Term, 1895, of BUNCOMBE Superior Court, before *Robinson, J.,* and a jury. The nature of the action and the facts pertaining thereto appear in the report of former appeal in same case, contained in 116 N. C. Reports, 825, and in the opinion of *Furches, J.*

There was a verdict for the plaintiff and defendant appealed.

*Messrs. W. W. Jones, James H. Merrimon, C. M. Stedman* and *Shepherd & Busbee,* for appellants.
*Messrs. F. A. Sondley* and *Moore & Moore,* for appellees.

FURCHES, J.: This case was before us at February Term, 1895, on the appeal of the plaintiffs, at which time a new trial was awarded. 116 N. C., 825. A new trial has been had and the case is again before us on appeal of the intervenors.

Upon an examination of the record in this appeal and the record of the former appeal, we find that the case presented now is substantially the same as that before us on the former appeal. The points of difference will be noted. But so far as it is the same, the former opinion must stand. If it was not correct, the proper course to have it reviewed was by petition to rehear. The greater part of the brief and the authorities cited are to show that the former opinion is erroneous. But for the reasons we have stated, these arguments and authorities cannot avail the interpleading appellants.

In the former appeal, the interpleading appellants, for the purpose of showing the agency and authority of Avery to sell and thereby to show their title to the attached property, introduced evidence tending to show a meeting of the directors of the defendant company in Cincinnati, Ohio. On the last trial they did not introduce this evidence. And this is alleged by the inervenors as a difference between this case and the former case on appeal. The appellants are correct in claiming that the cases differ in this respect, but we are unable to see how this helps them. How it is that, because they did not introduce all the evidence relied

upon to show their title on the last trial, which they did on the first, can benefit them, we cannot see. This exception can avail the interpleaders nothing, and this is the only substantial difference in the evidence in this and the former trial.

There are many other exceptions—as to the Glen Rock Hotel meeting, the sale to the Tennessee Company, as to what took place between Avery and the intervenors at the time of the sale to the intervenors, and as to other matters—but these were all passed upon on the first trial and by the former opinion of this court.

There are three exceptions not passed on by the former trial and by the former opinion of this court. One of these is that the interpleaders offered evidence, or proposed to offer evidence, to show that the attachment of the plaintiffs had never been levied on the property in controversy. This evidence was excluded on objection by plaintiffs and the intervenors excepted. This evidence was incompetent for two reasons:

First—For the reason that the intervenors, in their affidavit upon which they were allowed to make themselves parties, aver and allege that the attachment had been levied. They cannot now, and at this stage of the proceeding, be allowed to contradict their sworn statement.

Secondly—For the reason that intervenors in attachment proceedings are not allowed to make any such issue,—it is none of their business. If the property is theirs, they recover it whether the attachment is levied or not; and if the property is not theirs, it makes no difference to them whether it is levied or not. The intervenors can have but one issue, viz., does the property attached belong to them? *Blair* v. *Puryear*, 87 N. C., 101; *Sims* v. *Goettle*, 82 N. C., 268; *Toms* v. *Warson*, 66 N. C., 417.

It was also contended by the intervenors that they proposed to offer evidence to show their possession, which they

say would have tended to prove their title, and were not allowed to do so. Whether evidence of possession may not be competent as tending to show title in some cases, we do not say. But it does not seem to us that such evidence would be proper in this case, where the property in controversy is only claimed to have been bought by the intervenors twelve days before the attachment was levied—was in an incomplete condition at the time—had not been moved from the defendant's factory, and where the validity of this sale to the intervenors is the very question involved in the trial. It does not seem to have been proper evidence, and we see no error in this ruling of the court.

Another exception is, that the court found the third issue as to damages without submitting it to the jury. This exception, without explanation, would have to be sustained. But when we examine the case on appeal and find that it was agreed by the parties that, if the jury found for the plaintiffs, the answer to the third issue should be the interest on the amount found as the value of the property at the rate of 6 per cent., and the court only computed the interest according to the agreement of the parties and entered the result of this calculation as the proper answer to that issue, we fail to see the error complained of.

After seeing that the case presented by this appeal is, in all respects, substantially the same as that presented on the former trial, after disposing of the exceptions not involved in the first trial, it seems to us that the ruling of the court on the first issue was proper.

Affirmed.