FIRST NATIONAL BANK OF SPRINGFIELD et al v. ASHEVILLE
FURNITURE AND LUMBER COMPANY.

(Opinion Filed May 26, 1898).

(For syllabus see 116 N. C., 827 and 120 N. C., 475).

PETITION by intervenors to rehear the case decided at
February Term, 1897, and reported in 120 N. C., at page
475. A former appeal in same case is reported in 116
N. C., at page 827.

*Messrs. Shepherd & Busbee* and *Merrimon & Merrimon* for petitioners.
*Messrs. Moore & Moore* and *F. A. Sondley*, contra.

FURCHES, J.: This case is before us for the third
time. The first time it was here a new trial was
granted. 116 N. C., 827. The next time it was here
we affirmed the judgment of the Court below. 120 N.
C., 475. And this is a petition to rehear. We have
carefully re-examined the case upon the errors assigned
in the petition and find no error. Every matter set
forth in the petition, as assignment of error, was fully
and carefully considered by the Court in the opinion we
are now asked to review, except that part of the peti-
tion that refers to his Honor's charge. This point was
also considered by the Court but not specially discussed
in the opinion, for the reason that we did not think
then that it demanded special treatment. It is but a
paragraph in the testimony of Hollinger, a witness of
the interpleaders, the petitioners. He was examined at
great length as to the value of the property, his evi-
dence on this subject covering 20 pages or more of
printed matter. It is not denied but what he made the

statement, in his evidence, that his Honor quoted to the jury in his charge. Its competency is not attacked. The Judge only gave it to the jury along with the other evidence, and told the jury that they should consider it with the other evidence. What do the petitioners think he should have told the jury? that they should not consider this evidence? We do not see the error complained of. But if we could see it was error, as the petitioners do, we do not see that it did or could have prejudiced the petitioners, cause before the jury.

Petition dismissed.

CLARK, J., dissents.