DITMORE v. GOINS.

(Filed May 28, 1901.)

SERVICE OF PROCESS—*Summons—Warrant of Attachment—Judgment—Justices of the Peace—The Code, Secs. 214, 217 218, 219, 350.*

Where a justice issued a summons and warrant of attachment, and publication of the warrant was made, but the summons was not served, a judgment rendered thereon is void for insufficiency of service of summons.

CLARK, J., dissenting.

PETITION to rehear modified and dismissed. For former *per curiam* order, see 127 N. C., 581.

*E. B. Norvell, F. P. Axley,* and *Shepherd & Shepherd,* for the petitioner.

*Dillard & Bell,* and *Busbee & Busbee,* in opposition.

COOK, J. The summons and warrant of attachment were sued out, and issued by the Justice of the Peace on the 6th day of December, 1898. The summons was returnable on

December 10, 1898, and the warrant on January 5, 1899. On December 10, the return day of the summons, the Sheriff returned the summons to the Justice, endorsing thereon "due search made and the defendant not found in my county." No alias summons was sued out, nor was there an order made by the Justice for the service of a summons by publication. The affidavit, as required, was made for obtaining the warrant, which was duly issued and served by levy upon personalty and realty. The publication of the warrant, which was signed by the plaintiff, was made for *four* weeks, as is required for the publication of the warrant by section 350 of The Code.

Upon the return day of the *warrant,* January 5, 1899, the Justice proceeded to try the action upon the plaintiff's cause of action (the defendant not appearing), and rendered judgment in favor of the plaintiff against the defendant for the amount sued upon.

Thereafter, the defendant moved in the Justice's court to set aside and vacate the judgment. Upon the hearing of the motion, the Justice denied the same, and defendant appealed to the Superior Court. Upon the hearing before his Honor, he reversed the Justice and rendered judgment in favor of the defendant, vacating and setting aside the Justice's judgment, from which judgment the plaintiff appealed to this Court.

Under our system of practice, no party can be brought into Court except by a service of the summons upon him (unless he voluntarily appears). Service *must* be made upon him personally if he can be found in the State, or by publication, neither of which was done in this case (nor did the defendant voluntarily appear). The manner of service is plainly prescribed in sections 214, 217, 218 and 219 of The Code. It is well settled that any judgment rendered in an action without service of the summons is *absolutely void*—is a nullity—and will be so treated whenever and

DITMORE *v.* GOINS.

wherever introduced. *White v. Albertson,* 14 N. C., 241, 22 Am. Dec., 19; *Jennings v. Stafford,* 23 N. C., 404; *Stallings v. Gulley,* 48 N. C., 344; *Doyle v. Brown,* 72 N. C., 393; *McKee v. Angel,* 90 N. C., 60; *Harrison v. Harrison,* 106 N. C., 282, and other cases.

The *issuance* and *service* of a summons in an action are *indispensable* to a valid judgment. Before a court can render an order or judgment disposing of a person's property, it must give him such notice as is required by law, to the end that he may come into court and assert his rights; and the rules and requirements regulating the issuance and service of such notice (by summons) must be strictly complied with. In actions within the jurisdiction of a Justice of the Peace, the summons must be *signed* by the Justice, run in the name of the State, directing the officer to summon the defendant at a time therein named, not exceeding thirty days from its date (Code, section 832) ; and in the event of service by publication, a notice must be published in any one or two *newspapers* most likely to give notice to the person to be served, not less than once a week for *six weeks,* giving the title, purpose, etc. (Code, sections 219 and 840, Rule 15), which must be under authority of an order made by the Justice, based upon an affidavit (Code, section 218). The publication of the warrant of attachment does not serve this purpose. But in attachment proceedings under section 352 of The Code, as amended by acts 1893, chapter 363 (Clark's Code, page 415), when the warrant is taken out at the time of issuing the summons, and the *summons* is to be served by *publication,* the *order* shall direct that notice be given *in* the said *publication* to the defendant of the *issuing* of the attachment. Said publication shall state the names of the parties, the amount of the claims, and, in a brief way, the nature of the demand, and the time and place to which the warrant is returnable, and also provides that in attachment

proceedings in a Justice's court, advertisement in a newspaper shall not be necessary, but advertisement at the courthouse door and four other public places in the county for four successive weeks shall be sufficient publication, both as to the *summons* and *warrant* of attachment. This modification permits the incorporation of the *warrant* of attachment to be made in the *summons, not the summons* in the *warrant.* The summons in an *official* process, and *must* be *signed* and *issued* by the *Justice of the Peace,* whether its service is to be made personally or by publication, while the warrant, if not incorporated in the summons as above provided, is not official and may be signed by the plaintiff himself as above cited, and if not taken out at the time of issuing the summons, has to be served separately as provided in said section.

In this case the warrant of attachment was *signed* by the *plaintiff,* as was prescribed in the C. C. P., *before* the passage of the act of 1870-1, chapter 166, section 3 (which is now section 352 of The Code as amended by acts 1874-5, chapter 111, section 2, and acts 1893, chapter 363), and did not then serve as a process to bring the parties into Court, but was only intended to give notice that a warrant of attachment had issued in the cause.

An attachment is not the foundation of an independent action, but is an ancillary and auxiliary remedy collateral to the action. *Marsh v. Williams,* 63 N. C., 371; *Toms v. Warson,* 66 N. C., 417. Its function is to seize the property of a defendant and hold it within the grasp of the law until the trial can be had and the rights of the parties determined, or it may be released pending the action if seized without proper cause. In no sense is it a process to bring the defendant into Court. It may be issued to accompany the summons, or at any time therafter. Code, section 348. Notice of the same must be published within thirty days after its issu-

DITMORE *v.* GOINS.

ance for only *four* successive weeks, and at the *court-house door* and four other *public places* in the county (Code, section 350), and may be *signed* by the *plaintiff*. Code, section 909, Form 16.

In this case the summons was not served at all, which fully appeared thereon when returned to the Justice's court on the return day—December 10, 1898. No alias summons was sued out (Code, section 205), and the failure to do so worked a discontinuance of the action. *Fullbright v. Tritt,* 19 N. C., 491; *Webster v. Laws,* 86 N. C., 178.

The trial had on January 5, 1899, was without authority of law, and the judgment rendered was absolutely void, and his Honor should have so held. With this modification, there is

No error, and petition dismissed.

CLARK, J., dissenting. It appears from the record evidence herein that 6th December, 1898, the plaintiff caused a summons to be issued against the defendant by a Justice of the Peace, and on the same day filed an affidavit on proper allegations for an attachment of the property of the nonresident defendant, giving the bond required by statute. On the same day the Justice issued the warrant of attachment, which was returned in due form regularly levied upon the property of defendant, 7th December, 1898. Thereupon the plaintiff made publication for four weeks of the summons and warrant of attachment in the following form, as prescribed by The Code, section 909, Form 16:

"*North Carolina—Cherokee County—Murphy Township—*
"*J. A. Ditmore v. N. A. Goins.*

"Seventy-six dollars and twenty-five cents, due by note and due-bill. Warrant of attachment returnable before J. M.

Vaughan, a Justice of the Peace for Cherokee County, at his office in Murphy in said county, the 5th day of January, 1899, *when and where the defendant is required to appear and answer the complaint.* Dated this 7th day of December, 1898.                    J. H. Ditmore, Plaintiff."

Not only is this publication of summons and warrant in the same publication a literal compliance with the form prescribed by the statute and therefore valid, but the joint publication is required by section 352, as follows: "When the warrant of attachment is taken out at the time of issuing the summons (which was the case here) and the *summons is to be served by publication* (here the affidavit alleged he was a non-resident), the order shall *direct* that notice be given *in said publication* to the defendant of the issuing of the attachment * * *, said publication shall state the names of the parties, the amount of the claims, and, in a brief way, the nature of the demand and time and place to which the warrant is returnable." If this publication was defective, it did not invalidate the jurisdiction, which was based upon the seizure into the custody of the law of the property. When the defendant appeared in the action, as she afterwards did, it was ground for a motion to reopen the judgment but not for a dismissal of the attachment and of the proceedings *ab initio.*

In a very respectable authority, *Cooper v. Reynolds,* 77 U. S. (10 Wall.), 309, it is said, "the seizure of the property of the defendant under the proper process of the Court is therefore the foundation of the Court's jurisdiction, and defective or irregular affidavits and publications of notice, though they might reverse a judgment in such case for error in departing from the directions of the statute, do not render such a judgment or the subsequent proceedings void." When there can be service on the person, service of summons is

indispensable and the foundation of the proceeding. But where it is a proceeding *in rem* or *quasi in rem* (as is an attachment of this kind), then the foundation is the seizure of the *rem,* and the publication of the summons if not properly made is an irregularity. If not regular, or for the proper time, the remedy is an order for republication, not a dismissal of the attachment.

There are two kinds of attachment: the one where the defendant is personally served with process and the attachment is an ancillary remedy given in cases prescribed by statute to secure the fruits of the judgment when it shall be obtained; the other is where the defendant can not be served with process; there, a publication of summons alone would be a nullity. *Pennoyer v. Neff,* 95 U. S., 714; *Bernhart v. Brown,* 118 N. C., 700, 36 L. R. A., 402, in both of which cases the matter is fully discussed.

In *Cooper v. Reynolds, supra,* at page 319, that eminent authority, Mr. Justice *Miller,* says: "On what does the jurisdiction of the Court depend? It seems to us that the seizure of the property or that which, in this case, is the same in effect, the levy of the writ of attachment on it, is the one essential requisite to jurisdiction. Without this the Court can proceed no further; with it the Court can proceed to subject the property to the demand of the plaintiff." Then, after saying that proper affidavit is the preliminary to issuing an attachment, but if the attachment is levied, a defective affidavit would be ground of appeal, but would not invalidate the attachment,he adds: "So,also, of the publication of notice. It is the duty of the Court to order such publication and to see that it has been properly made, and undoubtedly if there has been no such publication a court of errors might reverse the judgment"—not hold it void, as stated in the opinion in this cause. In the present case the publication was made in the form required and prescribed by statute; but if it had

been irregular, the remedy is not to dismiss the action which is validly based on an attachment, but, retaining the cause, to set aside the judgment with a new trial, as in the case of any other error not going to the jurisdiction. Drake on Attachment, sections 224, 437, 437a.

In *Bank v. Blossom,* 92 N. C., 695, the publication of summons and warrant of attachment in the same notice (as here) was held valid; but if made for less than six weeks it was held an irregularity as to the summons, and the Court could "retain the cause and order a sufficient publication." If that were still the law the judgment should, on defendant's motion, be set aside and republication of summons ordered, but it would be error to dismiss the action. Since that decision, however, the incongruity of requiring publication of summons for a longer period than is required for publication of the warrant, both being in the same notice, has been cured by chapter 363, Laws 1893 (incorporated in section 352, Clark's Code, 3d Ed.), which provides that when attachment proceedings are begun before a Justice of the Peace publication for four weeks shall be sufficient "both as to the summons and warrant of attachment." Hence, there has been no irregularity or defect in this case. The defendant being a free trader, judgment could be rendered against her in a suit before a Justice of the Peace. *Neville v. Pope,* 95 N. C., 346. The defendant does not set up that it has a meritorious defence if the judgment is set aside (*LeDuc v. Slocomb,* 124 N. C., 347), and to set aside a judgment for irregularity in such case is erroneous. *Cui bono* go over the trial again without a meritorious defence.

I am of opinion that the judgment below reversing the Justice and setting aside his judgment should itself be reversed, and the Justice's judgment should be reinstated.