JOHN H. FORBIS ET AL. v. PIEDMONT LUMBER COMPANY.

(Filed 29 April, 1914.)

1. Intervenors—Judgments—Motions—Trials—Appeal and Error.

The plaintiffs in an action to recover of the defendant damages to their lands, seized certain personal property of the defendant under attachment, which the intervenors claimed as their own. The defendant filed no answer, the cause was regularly tried, and the jury found the issues in plaintiff's favor, including that as to the intervenors' ownership of the property. At a subsequent term of the court the trial judge set aside the

judgment rendered against the defendant, upon motion of the intervenors, and on appeal by the plaintiff it is held for reversible error, for that the intervenors were only interested in the issue involving their title.

2. Trials — Evidence — Corporations — Issues—Partnerships—Objections and Exceptions—Appeal and Error—Harmless Error.

Where the right of the intervenors in an action involving the title to certain property, attached by the plaintiff, depends upon whether the defendant was a corporation or a partnership comprising the intervenors, admissions of the intervenors that the defendant was a chartered company, and had acquired and held property as such, are sufficient evidence for the jury upon the question; and if in this case there was error in admitting the evidence, it was rendered harmless by subsequent testimony to that effect of the same witness without objection.

3. Evidence — Declarations — Deeds and Conveyances—Interests—Trials.

Where the title to lands is in dispute, a deed in the chain of title of the party offering it is incompetent as the declarations of a deceased grantor, it being in the interest of such party.

APPEAL by plaintiffs and intervenors from *Adams, J.,* at December Term, 1914, of MOORE.

This action was commenced against the Piedmont Lumber Company, alleged to be a corporation, to recover damages for flooding the lands of the plaintiffs.

A warrant of attachment was issued in the action, under which certain personal property was levied on and seized as the property of the corporation.

The summons and notice of the attachment purported to be served by publication.

After the commencement of the action and the seizure of said property, R. S. Burrus and James T. Carter, by permission of court, intervened, claiming to be the owners of the property seized under the attachment, and filed their interplea, alleging such ownership, and the property was delivered to them, pending the action, upon the execution of a bond in the sum of $1,-200.

The Piedmont Lumber Company filed no answer.

The action came on for trial at September Term, 1913, of the Superior Court, when the following judgment was rendered, based on the verdict set forth therein:

"This cause coming on to be heard before his Honor, W. J. Adams, judge, and a jury duly sworn and impaneled to try this cause, upon the following issues submitted to the jury, towit:

"Are the plaintiffs the owners of the land described in the complaint, as therein alleged?

"2. Did the defendant wrongfully and unlawfully obstruct the waters of Governor's Creek and thereby cause the waters of said creek to back and pond upon the lands of the plaintiff, as alleged?

"3. If so, what damages are plaintiffs entitled to recover against the defendant?

"4. What was the value of the property attached by the plaintiffs in this cause, at the time of the execution by R. S. Burrus and James T. Carter and of their bond, as intervenors, and the delivery of said property to them by the sheriff of Moore County?

"5. Was the property attached by plaintiffs in this cause the property of R. S. Burrus and James T. Carter, intervenors, when attached?.

"And the jury having answered the first and second issues 'Yes,' the third issue '$600,' the fourth issue '$1,500,' and the fifth issue 'No':

"It is, therefore, on motion of the plaintiffs, considered and adjudged by the court that the plaintiffs, J. H. Forbis and Samuel J. Forbis, recover of the defendant, Piedmont Lumber Company, and R. S. Burrus and James T. Carter, intervenors, and M. G. Dalrymple, surety on the bond of intervenors, the sum of $600, with interest thereon at the rate of 6 per cent per annum from 15 September, 1913, until paid, together with the costs of this action, to be taxed by the clerk of this court, the entire recovery, however, not to exceed the sum of $1,200 as against M. G. Dalrymple, surety."

An appeal from the judgment was perfected by said Burrus and Carter.

At December Term, 1913, upon motion of said Burrus and Carter, intervenors, who at no time claimed to represent the corporation, the judgment of September Term, 1913, was set aside, upon the finding made by the court that the summons and notice of attachment had not been published, and the plaintiffs excepted and appealed.

*U. L. Spence and George W. McNeill for plaintiffs.*
*H. F. Seawell for defendant.*

### PLAINTIFF'S APPEAL.

ALLEN, J. The motion to set aside the judgment rendered at September Term, 1913, is made by the intervenors, who were permitted to interplead for the purpose of asserting their title to the property attached, and not by any one purporting to represent the defendant corporation, and the ground upon which the motion rests is not any defect or irregularity connected with the interpleaders, but that process has not been served on the original defendant.

Intervenors, who claim property attached, raise but one issue between them and the plaintiffs, and that is, whether they are the owners of the property (*Bank v. Furniture Co.,* 120 N. C., 477; *Manufacturing Co. v. Tierney,* 133 N. C., 638), and they are not permitted to attack the regularity of the attachment proceedings (*Blair v. Puryear,* 87 N. C., 102; *Cook v. Mining Co.,* 114 N. C., 618), nor can they deny the sufficiency and validity of the seizure of the goods and levy of the attachment, when the property is delivered to them upon the execution of a bond. *Pearre v. Folb,* 123 N. C., 243.

In *Bank v. Furniture Co., supra,* the intervenors excepted because evidence was rejected to prove that the attachment had never been levied on the property, and the Court, passing on the exception, says: "Intervenors in attachment proceedings are not allowed to make any such issue; it is none of their business. If the property is theirs, they recover it whether the attachment is levied or not; and if the property is not theirs, it makes no difference to them whether it is levied or not. The intervenors

can have but one issue, viz., Does the property attached belong
to them?" And in *Cotton Mills v. Weil,* 129 N. C., 455, the in-
tervenors having excepted to the refusal to give them a separate
trial: "The intervenors' exceptions cannot be sustained, be-
cause it was interested in one issue only, 'Was the cotton at-
tached by plaintiff its property when attached?' and that issue
was submitted." And in *Dawson v. Thigpen,* 137 N. C., 468:
"It is well settled that in an action involving the title to prop-
erty an interpleader is restricted to the issue as to his title or
claim to the property, and cannot raise or litigate questions or
rights which do not affect such titles. *McLean v. Douglass,* 28
N. C., 233. He does not, speaking with accuracy, become a
party to the action in the same sense and with the same status
as the original parties, or those made so pending the action
either by the court *ex mero motu* or upon application."

If, then, the intervenors are only interested in the fifth issue,
there is no reason for setting aside that issue because of defect
of service upon the original defendant, who is interested in the
other issues, and they do not purport to represent the corpora-
tion, and cannot, therefore, move in its behalf.

So far as the record discloses, the intervenors are not injured
by the judgment, as by their intervention they are in possession
of property of the value of $1,500, and can satisfy the judgment
against them by the payment of $600 and costs.

We are not inadvertent to the statement in the record that the
intervenors were denied the right upon the trial to introduce
evidence as to the amount of the damages, but as they were not
interested in that issue, they had no such right.

There is a suggestion in the record that there was but one
company, known as the Piedmont Lumber Company, and that
the real controversy was whether it was a corporation or a part-
nership. If the intervenors wished to raise this issue, and to be
heard upon the merits of the action, they ought to have asked
to be made parties defendant, and as they have not done so, and
have chosen the ground upon which to make the fight, they
ought to abide the result.

There is error.

Reversed.

APPEAL OF INTERVENORS.

ALLEN, J.· As stated in the brief of the intervenors, the principal question involved in this appeal is, whether there was any evidence contradicting Burrus, who testified that he and Carter were the owners of the property attached, and this question was made to depend, on the trial, on whether there was any evidence that the Piedmont Lumber Company was a corporation, and in our opinion there was evidence of the corporate existence as against the intervenors.

The admission of Burrus to the plaintiffs, that the Piedmont Lumber Company was a chartered company, the circumstance that deeds to land were taken in the name of the company, instead of in the names of individuals as partners, and the testimony of Burrus that, "at the time that this property was attached in this action, the Piedmont Lumber Company, corporation, didn't have any interest in the world in the property," furnish some evidence of the fact.

The witness Burrus was asked on cross-examination if he did not tell the plaintiff that the Piedmont Lumber Company was a chartered corporation, to which he answered: "I did not. It never was a chartered corporation."

Plaintiffs moved to strike out so much of the answer of the witness to the question as stated that the Piedmont Lumber Company was never a chartered corporation.

The court thereupon overruled the objection, and motion of the plaintiffs so far as the evidence may tend to show that R. S. Burrus and James T. Carter, trading under the name of the Piedmont Lumber Company, were not incorporated, and sustained the objection and motion so far as the evidence may tend to show the nonincorporation of any other company, and the intervenors excepted.

This seems to have given the intervenors the full benefit of the evidence; but if the ruling was erroneous, it was cured, as the witness afterwards testified, without objection, that they never took out a charter.

There is nothing in the record to show the relevancy of the Yow deed, and if offered as declarations of the grantors, it was inadmissible, because in their favor.

The intervenors have no interest in the first, second, and third issues, which were necessary to determine. the controversy between the original parties. The case was not tried at the return term, as in *Brown v. Rheinhart,* 112 N. C., 477.

We have considered the exceptions discussed in the brief of appellant, although the appeal could be dismissed because the judgment appealed from had been set aside, and we find no error.

It is possible the award of damages ($600) is larger than it would have been if the intervenors had been made parties defendant, and had contested the issue, but the condition of the record does not permit us to inquire into this.

No error.