ROSEMAN FEED COMPANY v. NASHVILLE GRAIN AND FEED COMPANY, AND BLANTON FEED COMPANY v. NASHVILLE GRAIN AND FEED COMPANY.

(Filed 21 December, 1921.)

1. **Attachment—Intervener—Issues—Pleadings.**

In proceedings in attachment of the funds of a nonresident debtor in the hands of a local bank, a foreign bank intervening and claiming the funds has no interest in the action beyond the question of its ownership; and where the defendants neither appear nor plead, objection of the interpleader is untenable that it does not affirmatively appear that the defendants owned the funds, or that service has not been made on them, and that the court cannot, therefore, further proceed.

2. **Same—Service—Process—Waiver.**

The defendants in attachment may waive lack of service, and an intervener, a stranger to the action, except upon the issue of his ownership, will not be heard to object on that account.

3. **Same—Banks and Banking—Agency for Collection.**

The intervening bank in attachment, if it establish the fact of its ownership as purchasers in due course, etc., will vacate the attachment; but if it be found that the intervener was only an agency for collection, the attachment will hold as between the intervener and the plaintiff.

APPEAL by intervener from *Shaw, J.,* at the July Term, 1921, of McDOWELL.

Civil actions to recover damages for alleged breaches of contracts, by consent consolidated and tried together in the Superior Court.

Plaintiffs, local companies, having causes of action against the Nashville Grain and Feed Company, a foreign resident partnership, instituted these suits in the Superior Court of McDowell County, and in each case sought to obtain service upon the defendants by attaching the proceeds of certain drafts in the hands of the First National Bank of Marion, N. C., and the First National Bank of Lincolnton, N. C., it being alleged that said funds belong to the defendants.

Thereafter, in each case, the American National Bank of Nashville, Tennessee, was allowed to intervene and set up its claim of title to the proceeds of said drafts. By consent the funds were turned over to the intervener, bonds being filed, and the garnishee banks were released from further liability. The defendants filed no answer in either case.

The causes, after consolidation, came on for trial upon the issue of ownership raised by the interpleader, and the jury returned the following verdict in each case:

"Is the American National Bank of Nashville, Tenn., the interpleader, the owner of the proceeds of draft paid by Roseman Feed Company to First National Bank of Lincolnton, North Carolina, and of proceeds of draft paid by Blanton Grocery Company to First National Bank of Marion, N. C., and attached in this cause, and entitled to the possession of same? Answer: 'No.' "

From the judgment entered, the intervener appealed.

*Kemp B. Nixon and Pless, Winborne & Pless for plaintiffs.*
*A. L. Quickel for interpleader.*

Stacy, J. The first exception appearing on the record is directed to his Honor's refusal to vacate the warrants of attachment, for that it does not appear affirmatively that the property attached belongs to the nonresident defendants, and it is therefore contended that the court was without authority to proceed further in the cause. It should be observed that the defendants have made no appearance and filed no answer in either case. This jurisdictional question, arising from an alleged want of proper service, is sought to be raised by the intervener after having taken the property upon the execution of bonds which were to stand in lieu thereof. We have held in *Forbis v. Lumber Co.,* 165 N. C., 403, and cases cited therein, that this position was not open to appellant. It is entitled to be heard only upon one issue, viz.: Does the property attached belong to it? *Bank v. Furniture Co.,* 120 N. C., 477. The intervening bank ostensibly has no interest in the merits of the actions pending between the present plaintiffs and the present defendants. Furthermore, this is an objection which, even if valid, might be waived by the defendants; and hence a stranger will not be permitted to make it for them. *Blair v. Puryear,* 87 N. C., 101.

If the intervener held the drafts as a purchaser for value, the proceeds derived therefrom could not be attached in the hands of the Marion and Lincolnton banks as the property of the Nashville Grain and Feed Company; but, on the other hand, if the intervener acted merely as a collecting agent, the proceeds would belong to the defendants, and conse-

quently they would be subject to attachment in the hands of the local garnishee banks. *Worth Co. v. Feed Co.,* 172 N. C., 335. The case was tried upon this theory and the question of ownership, as found by the jury, has been determined against the intervener.

Applying these settled principles to the facts presented, it follows that the remaining exceptions must be overruled. His Honor charged correctly on the burden of proof and ruled properly on the plea of estoppel. After carefully examining appellant's exceptions and assignments of error, we have found no sufficient reason for disturbing the result.

No error.