S. R. ADAMS v. W. L. CAUDLE AND W. S. RICHARDSON.

(Filed 17 September, 1924.)

**Landlord and Tenant—Liens—Statutes—Burden of Proof.**

> The burden of proof is on the landlord to show that he has acquired a statutory landlord's lien on the crop of his tenant, in an action against the tenant to recover for goods sold and delivered.

APPEAL by defendant W. S. Richardson from *Lyon, J.,* at May Special Term, 1924, of VANCE.

Civil action, arising out of contract for goods and merchandise sold by plaintiff to W. L. Caudle, tenant of the appealing defendant.

From a verdict and judgment in favor of the plaintiff the defendant W. S. Richardson appeals.

*R. S. McCoin for plaintiff.*
*J. P. Zollicoffer for defendant.*

STACY, J.  The plaintiff is a merchant, residing in Vance County, and the defendants are residents of the State of Virginia.  In 1920 W. L. Caudle, tenant of his codefendant, became indebted to the plaintiff on a merchandise account, and now owes him thereon the sum of $976.24.  This is not denied.  In the fall of 1921 the plaintiff attached a load of tobacco in the possession of W. L. Caudle, which he had brought into this State for sale on the Henderson market.  It is conceded that one-fourth of the tobacco belonged to W. S. Richardson, the landlord—and this has been awarded to him under the judgment—while the remaining three-fourths, plaintiff contends, belonged to the defendant, W. L. Caudle.  The tenant's share is the only tobacco in controversy.

The appealing defendant alleges that the tobacco in question was not subject to attachment in the hands of W. L. Caudle, because of a first lien which he held by virtue of a statute of Virginia for advances made by him as landlord to enable the tenant to make his crop.  This was the single issue joined on the trial.  The burden of proof was placed upon the appealing defendant to show his superior right to the property attached.  He lost before the jury, and appeals, assigning error in the instruction relating to the burden of proof.

The case was correctly tried.  An allegation on the part of a landlord that he has made advances to his tenant and therefore holds a lien upon his crop as security is a matter peculiarly within his own knowledge. *S. v. Falkner,* 182 N. C., p. 796.  In an action like the present, between creditor and debtor, the landlord stands very much in the position of

one who intervenes in an attachment proceeding and claims title to the property in dispute, in which event it is uniformly held that the intervener has the burden of showing title to the property he claims. *Electric Co. v. Light Plant*, 185 N. C., 537; *Feed Co. v. Feed Co.*, 182 N. C., 690; *Mfg. Co. v. Tierney*, 133 N. C., 631. While the Virginia statute seems to have been treated as in evidence, there is nothing on the record to show its introduction as such. But waiving the point as to whether it was properly before the court, it appears from section 6454 of the Code of Virginia, the very statute under which the defendant claims his lien, that in an action presenting the question the landlord is required to establish the amount of his claim, and that it is for advances made under a contract with the tenant cultivating his land.

We find no reversible error.

No error.