Civil action by plaintiff, owner of a hospital building and grounds, to recover of defendants, members of a sisterhood, etc., rents alleged to be due for said hospital, or damages for breach of the rental contract.
A writ of attachment was issued at the institution of the suit, and the sheriff took into his possession, under said writ, among other articles of personal property, the furnishings of the hospital, including an X-ray machine, which is the subject of this appeal.
The sheriff of Pasquotank County, at the request of the plaintiff herein, turned over to the plaintiff the property seized under said attachment; whereupon, at the September Term, 1926, Pasquotank Superior Court, the defendants, through their attorney, lodged a motion to require *Page 252 
the sheriff to repossess himself of the property, which he had taken under the writ of attachment issued herein, and this motion was at first allowed, but later, during the same term, upon motion of the plaintiff, the following order was entered in regard to the possession of said property:
"This cause coming on now to be heard, and being heard, upon defendants' motion to require the sheriff of Pasquotank County to resume possession of the property seized in this action, and further to require the plaintiff to restore such possession to said sheriff;
"And it appearing to the court that, under an agreement heretofore entered into between said sheriff and the plaintiff, acting in good faith, the said sheriff has entrusted the custody of the property seized in this action to the plaintiff, to be used during the pendency of this action, in consideration of the execution by the plaintiff of a good and sufficient bond, in the sum of $2,000, considered for the safe custody and return of said property;
"And it further appearing to the court, and the court so finding as a fact for the purposes of this motion, that the plaintiff bona fide claims to be the owner of a certain one-fifth undivided interest in and to that certain X-ray machine seized in this action, and that, at the time of the institution of this action, the defendants, or some of them, were about to remove the same beyond the jurisdiction of this court:
"Now, therefore, it is ordered by the court that the order heretofore made at this term be set aside, and that the sheriff shall immediately resume possession of all the property seized in this action, except said X-ray machine, and the plaintiff is required to permit the sheriff to forthwith retake the same, upon demand. It is further ordered that, during the pendency of this action, plaintiff be and he is hereby authorized and permitted to retain possession of said X-ray machine, and to use the same, upon his execution of a good and sufficient bond in the sum of $4,000, payable to said sheriff, conditioned to indemnify and hold harmless said sheriff from any and all damages, by virtue of plaintiff's possession and use of said machine."
From this order the defendants appeal, exception having been duly entered for the purpose.
after stating the case: Attachment partakes of the nature of an execution before judgment (Johnson v. Whilden, 166 N.C. 104), and the sheriff, upon the service of the writ, acquires a special interest in the property attached, which he may enforce for the protection of the rights of all concerned, and "he is liable for the care and *Page 253 
custody of such property, as if it had been seized under execution." C. S., 807; Hambley v. White, 192 N.C. 31; Peck v. Jenness, 48 U.S. 612. But we are aware of no provision of law whereby the sheriff, or the court having jurisdiction over the case, may allow or permit the plaintiff to use the property, such as here attached, pending the litigation, upon the execution of an indemnity bond. Should the plaintiff finally prevail in the action, the attached property is to be sold to satisfy the judgment, as prescribed by C. S., 824, but the defendants, it would seem, are entitled to have the property preserved in the meantime so that it may bring its full value at the sale, and if it cannot be held without material deterioration, pending the litigation, it is to be sold as provided by C. S., 812, and the proceeds held to await final judgment.
Let the cause be remanded for further proceedings, not inconsistent with this opinion.
Error, and remanded.