### Z. B. BULLUCK v. R. C. HALEY ET AL.

#### (Filed 19 February, 1930.)

**1. Attachment H a—Intervener may not attack validity of attachment.**

Interveners in attachment may contest with the plaintiff the issue of their ownership of the property but not the regularity of the attachment or the validity of the seizure of the property thereunder.

**2. Replevin G a—Party is not entitled to sell part of property held under replevy bond and pay for part sold and return the rest thereof.**

An intervener obtaining the possession of property attached by giving a replevy bond may not sell part of the property, such sale not being made as provided by C. S., 812, and claim the right to pay for the part sold and return the balance thereof.

APPEAL by intervener from *Daniels, J.,* at October Term, 1929, of NASH.

Civil action for debt in which the plaintiff invoked the ancillary remedy of attachment against the property of the defendant, R. C. Haley, alleging that he had departed from the State with intent to defraud his creditors.

W. J. Edwards & Company intervened, claimed title to the property attached, consisting of certain household and kitchen furniture, executed a replevin bond, and took possession of the property in attachment.

The following verdict was rendered on the trial:

"1. What amount, if any, is plaintiff entitled to recover of the defendant, R. C. Haley? Answer: $708.10.

"2. Was the property attached the property of the defendant, R. C. Haley? Answer: Yes.

"3. What was the value of the property attached at the time of its delivery to the interpleader? Answer: $500."

From a judgment on the verdict in favor of the plaintiff, the intervener appeals, assigning the following errors:

"1. That his Honor erred in refusing to dismiss or abate the action because of lack of proper service of summons and warrant of attachment upon the defendant, R. C. Haley.

"2. That his Honor erred in refusing to charge the jury that they should find the value of the property attached in two sums, one sum to be the value of the property sold, and the other to be the value of the property unsold, and in charging the jury that they should find the value in one sum only."

*Thorpe & Thorpe for plaintiff.*
*J. A. Edgerton and T. T. Thorne for interpleader.*

STACY, C. J., after stating the case: The first assignment of error cannot be sustained. Interveners in attachment may contest with the plaintiff the issue of their ownership of the property, but not the regularity of the attachment or the validity of the seizure. *Feed Co. v. Feed Co.,* 182 N. C., 690, 109 S. E., 881; *Forbis v. Lumber Co.,* 165 N. C., 403, 81 S. E., 599; *Bank v. Furniture Co.,* 120 N. C., 475, 26 S. E., 927.

The second assignment of error is equally untenable. No part of the property was sold as provided by C. S., 812. The intervener, of its own volition, after obtaining possession of the property, disposed of some of it and is now claiming the right to return the balance and pay for the part that was sold. This right was denied, in principle at least, by the decision in *Saliba v. Mother Agnes,* 193 N. C., 251, 136 S. E., 706. And it may be added that "it is not so nominated in the (replevin) bond."

The record as presented shows no reversible error within our appellate jurisdiction.

No error.